IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

ED ABREU, JOE BUSTOS, RICHARD GONZALES,
TOM MASCARENAS, MARIE MATEJKA, ALBERT PINO,
ANTONIO SANCHEZ, RICHARD TRUJILLO and
ROBERT VALENZUELA,

        Plaintiffs,

vs.                                                                                                                      No. CIV 08-1006 JB/RLP

NEW MEXICO CHILDREN, YOUTH
AND FAMILIES DEPARTMENT (CYFD),
DORIAN DODSON, as an individual and in
her official capacity as Secretary of CYFD,
NEW MEXICO STATE PERSONNEL OFFICE,
and SANDRA PEREZ, as an individual and in
her official capacity as State Personnel Office Director,

        Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on the Plaintiffs' Motion to Remand Case to State Court with Consolidated Memorandum of Points and Authorities in Support of Motion, filed November 20, 2008 (Doc. 8). The Court held a hearing on December 12, 2008. The primary issue is whether the State of New Mexico has waived its Eleventh Amendment immunity where the State Defendants, who are represented by private counsel rather than by the New Mexico Attorney General, have removed the case to federal court or consented to its removal. Because state law authorizes private attorneys to represent the state in certain instances, and because the Defendants' private counsel removed the case to federal court, the Court will exercise jurisdiction over this case.

## FACTUAL BACKGROUND

The Plaintiffs are nine citizens of the State of New Mexico. The Defendants include the New

Mexico Children, Youth, and Families Department ("CYFD") and the New Mexico State Personnel Office ("Personnel Office"), both of which are agencies of the State of New Mexico. There are also two individual defendants being sued in their individual and official capacities. The Plaintiffs were all employees at CYFD. See Exhibit to Petition for Removal of Cause to Federal Court, Complaint for Violation of Civil Rights with Alternative Petition for Declaratory and Injunctive Relief ¶ 2, at 2, filed September 19, 2008 (Doc. 1-3)("Complaint"). The Plaintiffs allege that, in January 2006, CYFD formulated a plan to cease operating the New Mexico Boys School and to transfer the facilities to the New Mexico Corrections Department for use as an adult detention facility. See Complaint ¶ 13, at 4. As a consequence of closing the New Mexico Boys School, CYFD and the Personnel Office "acted in concert" to implement a force reduction and to lay off New Mexico Boys School employees. Id. ¶ 16, at 4. The Plaintiffs were terminated in January 2007. See id. ¶ 27, at 7.

The Defendants' counsel are private attorneys. Through a procurement process, the Risk Management Division of the General Services Department assigns private counsel cases under contract. See Transcript of Hearing at 3:4-9 (taken December 12, 2008)(Court & Dwyer)("Tr.").[1] When the Defendants' counsel removed the case to federal court, they did not have a commission or any other explicit authorization from the New Mexico Attorney General for removing this case to federal court or for waiving sovereign immunity.

## PROCEDURAL BACKGROUND

The Plaintiffs filed their Complaint in the Eighth Judicial District Court of New Mexico on September 19, 2008, and served all Defendants not later than October 3, 2008. The Complaint

---

[1] The Court's citations to the transcript of the hearing refer to the court reporter's original, unedited version. Any final transcript may contain slightly different page and/or line numbers.

alleges breach of employment contract, and deprivation of property and liberty rights without due process of law, contrary to 42 U.S.C. §§ 1983 and 1985.  Pursuant to this action, the Plaintiffs request compensatory damages, declaratory judgment, and injunctive relief.  The Complaint seeks a declaration of rights under New Mexico law governing the Plaintiffs' employment by the State and their termination from that employment through a purported reduction-in-force-action.  Specifically, the Plaintiffs' claims seek a declaration of rights under the New Mexico State Personnel Act, NMSA 1978 §§ 10-9-1 to 10-9-25, and under the State Personnel Board Rules & Regulations, NMAC §§ 1.7.10 to 1.7.10.14.

The Defendants timely filed their petition for removal to federal court on October 28, 2008.  In their petition for removal, the Defendants assert federal court jurisdiction over the parties and claims pursuant to 28 U.S.C. § 1331, i.e., claims arising under the Constitution and laws of the United States.  Although the Defendants' petition does not specifically cite the Plaintiffs' §§ 1983 and 1985 claims as the asserted basis for federal-court jurisdiction, both the Court and the Plaintiffs assume that these are what the Defendants believe to provide federal-question jurisdiction.  The Court's supplemental jurisdiction is invoked with respect to the Plaintiffs' contract and declaratory judgment claims.  The Defendants' petition does not affirmatively reflect the written consent of all of the Defendants, but the removing counsel represents all the Defendants.  After filing their petition for removal, the Defendants filed their Answer to the Plaintiffs' Complaint in the United States District Court.  Consent to proceed before a United States Magistrate Judge was refused, resulting in assignment to this Court.

In view of this procedural history and what they view as controlling law, the Plaintiffs requested the concurrence of opposing counsel to an order remanding these proceedings to the originating state court based on the Defendants' immunity pursuant to the Eleventh Amendment to

the Constitution of the United States. The Defendants have not agreed to remand, thus leading to this motion.

The Plaintiffs move the Court for an order remanding further proceedings to the state district court. The Plaintiffs contend that, because the Court lacks jurisdiction over the State of New Mexico and over the individual Defendants acting in their official capacities, the removal of the Plaintiffs' claims to the federal district court was improper. The Plaintiffs also maintain that, because the claims against the individual Defendants are "inexplicably" intertwined with the claims against the state and its agencies, Motion at 5, the Court should remand all the Defendants and all claims to the state district court for further proceedings. The Plaintiffs request an order to that effect.

Pursuant to LR-Civ. 7, the Defendants filed a response. In response to the Plaintiffs' motion to remand proceedings to the state court because of the absence of jurisdiction over the state Defendants, the Defendants assert that they have affirmatively waived the immunity afforded to states under the Eleventh Amendment by removing this action to the federal court. The Defendants cite <u>Sutton v. Utah St. Sch. For the Deaf & Blind</u>, 173 F.3d 1226 (10th Cir. 1999), for the proposition that voluntary removal constitutes unequivocal waiver sufficient to avoid Eleventh Amendment immunity. <u>See</u> Response to Motion to Remand Case to State Court at 2, filed December 3, 2008 (Doc. 9)("Response"). The Defendants therefore urge the Court to deny the Plaintiffs' motion for remand, and to exercise jurisdiction over this action and parties. <u>See id.</u>

The Plaintiffs reply that, while they "take comfort in the [D]efendants' purported waiver of immunity," they are also concerned that all of the case law discussing waiver by removal involved states acting through their respective attorneys general. Plaintiffs' Reply to Defendants' Response to Motion to Remand Case to State Court at 1-2, filed December 5, 2008 (Doc. 11)("Reply"). Given

their concern, the Plaintiffs ask the Court to determine its own jurisdiction where removal is affected by private counsel rather than the New Mexico Attorney General. See id. at 3.

At the hearing, the Plaintiffs represented that, other than their concern about the Court's jurisdiction, they were satisfied that the proper procedures for removal had been followed in this case. See Tr. at 7:19-23 (Pennington). The Plaintiffs indicated that they were satisfied that, although not all Defendants had provided written consent to removal, the fact that all defendants had the same counsel vitiated the need for such written consent. See id. at 7:20-23 (Pennington); id. at 8:11-12 (Pennington). Upon the Court's request, the Defendants agreed to obtain two separate items from the Attorney General to assure the Court of its jurisdiction. First, the private attorneys would secure commissions from the Attorney General appointing them as Special Assistant Attorneys General. Second, they would secure a letter or a pleading from the Attorney General waiving the State's Eleventh Amendment immunity in this case. See Tr. at 3:8-9 (Dwyer); id. at 6:15-21 (Dwyer). The Plaintiffs stated that they would be satisfied with an affirmative representation from the Attorney General that there was an effective waiver of Eleventh Amendment immunity. See Tr. at 4:15-19 (Pennington).

On January 26, 2009, the Defendants filed a document indicating that they had been commissioned as Special Assistant Attorneys General. The written waiver of immunity from the Attorney General has not yet been filed, but is forthcoming.

**LAW REGARDING ELEVENTH AMENDMENT IMMUNITY**

The Eleventh Amendment provides: "The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. Const. amend. XI. The immunity articulated in the Eleventh Amendment has also been construed to

prohibit federal courts from entertaining suits against states brought by their own citizens or citizens of another state without their consent. See Port Auth. Trans-Hudson Corp. v. Feeney, 495 U.S. 299, 304 (1990). State agencies and state officials are likewise provided immunity as "an arm of the state." Mt. Healthy City Bd. of Ed. v. Doyle, 429 U.S. 274, 280-81 (1977).

### 1.    **Exceptions to Eleventh Amendment Immunity.**

Exceptions to a state's Eleventh Amendment immunity are few. A state may voluntarily waive its immunity. See Edelman v. Jordan, 415 U.S. 651, 673 (1974). Congress may also abrogate Eleventh Amendment immunity pursuant to section 5 of the Fourteenth Amendment to the Constitution of the United States, where the statute explicitly manifests Congress' intent to do so. See Fitzpatrick v. Bitzer, 427 U.S. 445, 456 (1976). Congress did not, however, abrogate Eleventh Amendment immunity when enacting 42 U.S.C. § 1983. See Quern v. Jordan, 440 U.S. 332, 340 (1979). Consequently, Eleventh Amendment immunity extends to state defendants under that statute, and claims pursuant thereto in the federal courts are barred as a matter of law.

Although not properly characterized as an exception to a state's Eleventh Amendment immunity, the Ex parte Young doctrine allows for suits against state officials under certain circumstances. See Elephant Butte Irrigation District of New Mexico v. Department of the Interior, 160 F.3d 602, 607-608 (10th Cir. 1998)("The Ex parte Young doctrine is not actually an exception to Eleventh Amendment state immunity because it applies only when the lawsuit involves an action against state officials, not against the state."). In Ex parte Young, 209 U.S. 123 (1908), the Supreme Court of the United States held that the Eleventh Amendment bar generally does not apply to state officials defending suit in federal court which seeks only prospective relief from violations of federal law. The Ex parte Young doctrine allows suit to proceed against defendant state officials if the following requirements are met: (i) the plaintiffs are suing state officials rather the state itself;

(ii) the plaintiffs have alleged a non-frivolous violation of federal law; (iii) the plaintiffs seek prospective equitable relief rather than retroactive monetary relief from the state treasury; and (iv) the suit does not implicate special sovereignty interests.  See Elephant Butte Irrigation District of New Mexico v. Department of the Interior, 160 F.3d at 609 (10th Cir. 1998).

### 2.     Removal as a Waiver of Sovereign Immunity.

It is well established that, when a state removes a case to federal court, it invokes federal jurisdiction and waives Eleventh Amendment immunity.  In Lapides v. Board of Regents of the University System of Georgia, 533 U.S. 613 (2002), the Supreme Court held that "removal is a form of voluntary invocation of a federal court's jurisdiction sufficient to waive the State's otherwise valid objection to litigation of a matter . . . in a federal forum."  535 U.S. at 624.  The Supreme Court noted: "[I]t is easy enough to presume that an attorney authorized to represent the State can bind it to the jurisdiction of the federal court (for Eleventh Amendment purposes) by the consent to removal."  Id. (internal quotation marks omitted).

While Lapides v. Board of Regents of the University System of Georgia was arguably limited to the context of state law claims for which the state had explicitly waived immunity to suit in state court, the United States Court of Appeals for the Tenth Circuit has held that consent to remove a case to federal court also constitutes waiver in the context of federal claims.  See Estes v. Wyoming Dept. of Transp., 302 F.3d 1200, 1206 (2002).  In other words, when a state removes federal-law claims from state court to federal court, the state unequivocally invokes the jurisdiction of the federal court.  See id.

## ANALYSIS

There is no argument that a non-waiver situation exists in this case.  The parties have instead focused their attention on the validity of the Defendants' attempt to waive Eleventh Amendment

immunity. The Defendants, through their counsel, have attempted to concede that they have waived Eleventh Amendment immunity by removing this case to federal court. The Plaintiffs, however, raise a valid argument that gives the Court pause: namely, whether removal constitutes a waiver of immunity if private attorneys, representing state agencies or officials, rather than the state's Attorney General, carry out removal. The Court finds that, at least where counsel for the state agency are authorized to carry out the representation, their act of removing a case to federal court will be sufficiently authoritative to constitute a waiver of Eleventh Amendment immunity. The Court finds additional reassurance in light of the representation from Defendants' counsel that they can obtain a commission from the State's Attorney General to litigate a case, and the Attorney General's express waiver of Eleventh Amendment immunity,

## I. THE DEFENDANTS' COUNSEL HAD THE AUTHORITY TO EFFECT A WAIVER OF IMMUNITY BY REMOVING A CASE TO FEDERAL COURT.

None of the controlling cases about removal as waiver involved non-Attorneys General as counsel. Moreover, some language in <u>Lapides v. Board of Regents of the University System of Georgia</u> hints at an assumption that the waiver would come from the Attorney General: "A rule of federal law that finds waiver through a state attorney general's invocation of federal-court jurisdiction avoids inconsistency and unfairness." 535 U.S. at 623. On the other hand, there is considerable support in <u>Lapides v. Board of Regents of the University System of Georgia</u> and in other cases for the proposition that the Attorney General need not be the one who removes the case and effects the waiver of immunity.

### A. THE SUPREME COURT'S GENERAL DISCUSSION OF WAIVER DOES NOT EXPRESSLY LIMIT WAIVER TO SITUATIONS INVOLVING THE ATTORNEY GENERAL.

First, the Supreme Court <u>Lapides v. Board of Regents of the University System of Georgia</u>

framed and decided the issue without reference to whether the state agency's counsel must be the Attorney General. See id. at 616 ("The question is before us whether the State's act of removing a lawsuit from the state court to federal court waives [Eleventh Amendment] . . . immunity. We hold that it does."); id. at 617 ("We agreed to decide whether 'a state waive[s] its Eleventh Amendment immunity by its affirmative litigation conduct when it removes a case to federal court . . . .'")(brackets and ellipsis in original); id. at 618-19 ("And the question before us now is whether a State waives that immunity when it removes a case from state to federal court."). Given the manner in which the Supreme Court framed the question presented in Lapides v. Board of Regents of the University System of Georgia, there appears to be no limitation or exception for when the state's counsel is not the Attorney General. The Court is reluctant to write such a novel exception into the rule.

Second, Lapides v. Board of Regents of the University System of Georgia was primarily rooted in notions of fairness. In Lapides v. Board of Regents of the University System of Georgia, the defendant argued that, under state law, the Attorney General was not authorized to waive sovereign immunity. See 535 U.S. at 622. In rejecting that argument, the Supreme Court explained: "In large part the rule governing voluntary invocations of federal jurisdiction has rested upon the problems of inconsistency and unfairness that a contrary rule of law would create." Id. The Supreme Court explained:

> It would seem anomalous or inconsistent for a State both (1) to invoke federal jurisdiction, thereby contending that the "Judicial power of the United States" extends to the case at hand, and (2) to claim Eleventh Amendment Immunity, thereby denying that the "Judicial power of the United States" extends to the case at hand.

Id. at 619.

Noting that "whether a particular set of state laws, rules, or activities amounts to a waiver

of the State's Eleventh Amendment immunity is a question of federal law," the Supreme Court overruled a prior case which had held that there was no waiver of immunity where "'no properly authorized executive or administrative officer of the state ha[d] waived the state's immunity.'" Id. at 623 (overruling Ford Motor Co. v. Department of Treasury of State of Indiana, 323 U.S. 459 (1945)). In Ford Motor Co. v. Department of Treasury of State of Indiana, the Attorney General did not have the ability under state law to waive sovereign immunity.

In Ford Motor Co. v. Department of Treasury of State of Indiana, the Attorney General was authorized to litigate the case under consideration. See 323 U.S. at 466. There was also a concession that, if the executive officers litigating the case – including the Attorney General – had the authority to waive the state's Eleventh Amendment immunity, they had done so through actively litigating the case on the merits in federal court. See id. The Supreme Court therefore viewed the proper inquiry to be whether state law allowed the executive officers to waive immunity. With that premise, the Supreme Court in Ford Motor Co. v. Department of Treasury of State of Indiana examined state law, including the state-court decisions interpreting that law, and found that "no properly authorized executive or administrative officer of the state has waived the state's immunity to suit in the federal courts." 423 U.S. at 469.

The Supreme Court in Lapides v. Board of Regents of the University System of Georgia repudiated the approach employed in Ford Motor Co. v. Department of Treasury of State of Indiana. According to Lapides v. Board of Regents of the University System of Georgia, such an approach was inconsistent with the more important principle of avoiding inconsistency and unfairness. See 535 U.S. at 623. The Supreme Court drew that rationale from a line of three older cases: Clark v. Barnard, 108 U.S. 436 (1883), Gardner v. New Jersey, 329 U.S. 565 (1947), and Gunter v. Atlantic Coast Line Railroad Company, 200 U.S. 273 (1906). See Lapides v. Board of Regents of the

-10-

University System of Georgia, 535 U.S. at 623 ("And for these same reasons, we conclude that *Clark*, *Gunter*, and *Gardner* represent the sounder line of authority.").

An examination of Clark v. Barnard, Gardner v. New Jersey, and Gunter v. Atlantic Coast Line Railroad Company is instructive. The Supreme Court in Clark v. Barnard held that the State voluntarily submitted itself to the jurisdiction of a court of the United States when a lawyer who had also appeared for the defendant treasurer of the State intervened and asserted the State as a claimant of the fund in court. See 108 U.S. at 446-47. In Gardner v. New Jersey, the comptroller filed a claim on behalf of the State of New Jersey for taxes owed to the State, and New Jersey's Attorney General subsequently filed replies to the objections that the debtor and trustee made to the claim. See 329 U.S. at 570-71. The trustee filed a petition for adjudication of New Jersey's tax claims with the reorganization court. See id. at 571. New Jersey's attorney general then entered a special appearance in the proceedings, contending that the "entertainment of the [trustee's] petition would constitute a prohibited suit against the State." Id. at 571. The Supreme Court found that, when the State becomes the actor and files a claim, it waives any immunity it might otherwise have had respecting adjudication of the claim. See id. at 574.

The Supreme Court in Gardner v. New Jersey examined whether the claim was properly filed by the state. The Supreme Court found that the claim was properly filed, because the New Jersey statutes authorized the State comptroller who filed the claim on behalf of the State to institute and direct prosecution of debts due to the State. See Gardner v. New Jersey, 329 U.S. at 574. The Supreme Court also found that the state Attorney General, who resisted the objections made to the claim, was authorized to attend generally to all matters in which the state is a party, or in which its rights and interests are involved. See id. at 574-75. Thus, the Supreme Court found that the claim was properly filed. See id. at 574. The key question impacting immunity in Gardner v. New Jersey

-11-

was therefore not whether the comptroller was authorized to waive sovereign immunity, but whether state law authorized him to litigate the case. Given that he had such authority, the suit filed on behalf of the state was properly filed, and the state's participation as an actor constituted a waiver of immunity.

In Gunter v. Atlantic Coast Line Railroad Company, the Supreme Court had to determine whether to uphold a prior decree of the lower court granting a corporation injunctive relief from state taxes. See 200 U.S. at 278-79, 282-83. The Supreme Court stated that a state may not be sued without its consent; however, the state's immunity is a privilege that can be waived, and when a state voluntarily becomes a party to a cause and submits its rights for judicial determination, it will be bound by its voluntary act and cannot escape the result of its act by invoking the Eleventh Amendment. See id. at 284.

As a preliminary matter, the Supreme Court in Gunter v. Atlantic Coast Line Railroad Company had to consider whether the state was a party in the prior case out of which the decree in question had arisen, and thus whether it had voluntarily submitted its rights to judicial determination. See id. To make this determination, the Supreme Court considered the tax law of South Carolina, which controlled the actions of the defendant officers, the county treasurers who collected state taxes. See id. at 285-86. After reading the law, the Court determined that:

> where suit was brought concerning state taxes, [the law] made [the] county treasurer, who was the state tax collector, an agent for the state, and empowered him "for and on behalf of the state," to defend the suit, and required him, in order fully to protect the interests of the state, to be represented by the highest law officer of the state, the attorney general.

Id. at 286. The Supreme Court also found that the state Attorney General's acts of signing and verifying the answer for the defendant officers, acting for the defendant officers of the state, and prosecuting the appeal, constituted further proof that the state had been a party to the previous

action. See id. at 287-88.  Considering these things, the Supreme Court concluded that the "officers who were named as defendants . . . were[,] for the purpose of that litigation, the agents voluntarily appointed by the state to defend its rights and submit them to judicial determination." Id. at 289. The Supreme Court therefore found that the state could not invoke Eleventh Amendment sovereign immunity because it was voluntarily a party to the case and submitted its rights to judicial determination.

The line of cases represented by Clark v. Barnard, Gardner v. New Jersey, and Gunter v. Atlantic Coast Line Railroad focused on the States' voluntary use of the federal courts, and, when state officers were authorized to represent the state and litigate a given case on the state's behalf, those officers' voluntary invocation of federal jurisdiction constituted a waiver of sovereign immunity.  The focus in these cases was not on the identity of the officer – i.e., whether the officer was the Attorney General, or the comptroller – or on whether the officer had authority to waive immunity.  Rather, the focus was on the right to represent the state in the matter in question.

Although it preceded Lapides v. Board of Regents of University System of Georgia, the Tenth Circuit reached a similar conclusion in McLaughlin v. Board of Trustees of State Colleges of Colorado, 215 F.3d 1168 (2000).  In McLaughlin v. Board of Trustees of State Colleges of Colorado, the defendant argued that the state's Attorney General did not have the authority to waive the state's Eleventh Amendment immunity by removing the case to federal court.  See id. at 1171. The Tenth Circuit rejected that defense, finding that state law allowed the Attorney General to represent the state in all legal proceedings.  See id.  Given the Attorney General's authority to carry out the representation, the Tenth Circuit held that, where the Attorney General was authorized to represent the defendant, the Attorney General's consent to remove the case to federal court constituted a waiver of Eleventh Amendment immunity.  See id.

In sum, if the Defendants' counsel has the authority, under state law, to represent the Defendants – who are state agencies – then counsel may waive the Eleventh Amendment immunity defense by consenting to remove this case to federal court. The question therefore becomes whether counsel has such authority to litigate in this case.

### B. NEW MEXICO RISK MANAGEMENT LAWYERS HAVE THE AUTHORITY TO WAIVE NEW MEXICO'S ELEVENTH AMENDMENT IMMUNITY IF THEY HAVE AUTHORITY TO LITIGATE THE CASE IN WHICH SUCH A WAIVER IS AT ISSUE.

Risk Management, which is a division of the General Services Department, "is the governmental agency charged with administering the public liability fund and providing insurance coverage for state and municipal governing entities and employees." Board of County Comm'rs of San Miguel County v. Risk Management Div., 120 N.M. 178, 179, 899 P.2d 1132, 1133 (1995). See NMSA 1978 § 9-17-3 (creating the General Services Department and its divisions, including the Risk Management Division). The Risk Management advisory board includes "the Attorney General or his designee." NMSA 1978 § 15-7-4. The Risk Management advisory board has the duty to review "all professional service and consulting contracts or agreements to be entered into by the risk management division." NMSA 1978 § 15-7-5. New Mexico statutes empower the Risk Management Division to, among other things, "employ full-time legal counsel who shall be under the exclusive control and supervision of the director and the secretary of general services." NMSA 1978 § 15-7-3A(12).

In sum, under New Mexico law, the Risk Management Division of the General Services Department has the statutory authority to hire legal counsel. The Attorney General can either sit on the advisory board or can designate someone. Thus, the Risk Management Division does not operate totally divorced from the Attorney General's authority and supervision. Moreover, the New

Mexico statutes permit the Risk Management Division to use money from the public liability fund to "contract with one or more attorneys or law firms on a per-hour basis, or with the attorney general, to defend tort liability claims against governmental entities and public employees acting within the scope of their duties." NMSA 1978 § 41-4-23B(5). The Risk Management Division's authority to contract either with the Attorney General or with private attorneys is therefore well-established, and the Court has no reason to question the Risk Management Division's authority to contract with private attorneys to litigate this case. There has been no argument that the private attorneys in this case were not hired pursuant to proper procedures. The Court assumes that the attorneys have a legal contract through Risk Management. Given that the attorneys are authorized, under state law, to represent the Defendants in this case, those attorneys' act of removing the case to federal court is a valid invocation of federal jurisdiction. By properly invoking federal jurisdiction, those attorneys have waived Eleventh Amendment immunity on behalf of the Defendants.

### C. A COMMISSION FROM THE ATTORNEY GENERAL AUTHORIZING THE DEFENDANTS' COUNSEL TO LITIGATE THIS LAWSUIT CONFIRMS THE PRIVATE ATTORNEYS' AUTHORITY TO EFFECT A WAIVER OF SOVEREIGN IMMUNITY BY REMOVING THIS CASE TO FEDERAL COURT.

In addition to finding that private attorneys who are authorized to represent the State may waive sovereign immunity by invoking federal jurisdiction, the Court notes that, in this case, the Defendants' counsel have obtained a commission from the Attorney General to litigate this case and express permission to remove it to federal court. See Special Commission from the Attorney General at 1, dated January 23, 2008, filed January 26, 2008 (Doc. 13-2)("Special Commission"). The Special Commission states:

> Effective immediately, Attorney General Gary K. King appoints you a Special

>Assistant Attorney General for the sole purpose of representing the New Mexico Children, Youth and Families Department ("CYFD") in Abreu v. New Mexico Children Youth and Families Department, Case No. 08-CV-1006 before the United States District Court – District of New Mexico.

Special Commission at 1. As the Special Commission indicates, the Attorney General has consented not only to private counsels' representation in this case, but to their litigating the case in federal court. The New Mexico statutes provide the New Mexico Attorney General with a broad range of duties regarding representing the State in lawsuits. In relevant part, the statutes state that the Attorney General shall:

>A. prosecute and defend all causes in the supreme court and court of appeals in which the state is a party or interested;
>
>B. prosecute and defend in any other court or tribunal all actions and proceedings, civil or criminal, in which the state may be a party or interested when, in his judgment, the interest of the state requires such action or when requested to do so by the governor;
>
>. . .
>
>I. attend and assist in the trial of any indictment or information in any county on direction of the governor;
>
>J. appear before local, state and federal courts and regulatory officers, agencies and bodies, to represent and to be heard on behalf of the state when, in his judgment, the public interest of the state requires such action or when requested to do so by the governor . . . .

NMSA 1978, § 8-5-2(A), (B), (I), & (J). Thus, there is no realistic reason to believe the Attorney General lacks the authority to litigate the case or to grant a commission to the Defendants' counsel to carry out the representation. Moreover, while the Defendants' private attorneys secured the commission and the Attorney General's express agreement to waive the State's Eleventh Amendment immunity after the Defendants had removed the case to federal court, these documents give the Court comfort that the private attorneys are not waiving immunity without the blessing or

knowledge of the State's political officials. Accordingly, the Court will therefore acknowledge the commission and find that, by removing this case to federal court pursuant to their counsel's authority under State law to represent the state, the Defendants have effectively waived Eleventh Amendment Immunity.

### D. THE ATTORNEY GENERAL HAS WAIVED SOVEREIGN IMMUNITY.

A final reason why the Court is on firm ground in finding that it has jurisdiction in this case is that the New Mexico Attorney General has expressly waived Eleventh Amendment Immunity.[2] Such a waiver, if truly made, will be valid. The Attorney General would be authorized to appear before the Court on behalf of the state in this lawsuit. See NMSA 1978, § 8-5-2(A), (B), (I), & (J). The Attorney General's authority is also broad enough to include making litigation decisions such as waiving an immunity defense. Moreover, the Plaintiffs appear to be comfortable with the Attorney General's representation that the state waives its Eleventh Amendment immunity. At the hearing, the Plaintiffs stated: "[I]f we have some kind of affirmative authorization from the Attorney General's office . . . from which we can find an effective waiver of immunity, I believe that that satisfies the Eleventh Amendment case law that requires an effective waiver of immunity." Tr. at 4:15-19 (Pennington).

Because the private attorneys have the authority to represent the Defendants in this case, they have the authority to waive the State's Eleventh Amendment immunity. The Court takes additional comfort from the fact that the State's private counsel have received commissions from the Attorney General to act as Special Assistant Attorneys General and from the fact that the Defendants' counsel

---

[2] At the hearing, the Defendants' counsel represented that they would obtain an express written waiver of Eleventh Amendment immunity for this case. While that document has not yet been filed, the Court trusts that it is forthcoming.

agreed to obtain the Attorney General's express waiver of the State's Eleventh Amendment immunity.  In any case, the Court will recognize the waiver.  Given that there has been a valid waiver of immunity, the Court will exercise jurisdiction.  The Court therefore not remand the case to state court.

**IT IS ORDERED** that the Plaintiffs' Motion to Remand Case to State Court is denied.

_____
UNITED STATES DISTRICT JUDGE

*Counsel*:

E. Justin Pennington
Law Offices of E. Justin Pennington
Albuquerque, New Mexico

    *Attorneys for the Plaintiff*

Mark A. Basham
Peter Dwyer
Basham and Basham, P.C.
Santa Fe, New Mexico

    *Attorneys for the Defendant*