# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

ED ABREU, JOE BUSTOS, RICHARD GONZALES,
TOM MASCARENAS, MARIE MATEJKA, ALBERT PINO,
ANTONIO SANCHEZ, RICHARD TRUJILLO and
ROBERT VALENZUELA,

        Plaintiffs,

vs.                                            No. CIV 08-1006 JB/RLP

NEW MEXICO CHILDREN, YOUTH
AND FAMILIES DEPARTMENT (CYFD),
DORIAN DODSON, as an individual and in
her official capacity as Secretary of CYFD,
NEW MEXICO STATE PERSONNEL OFFICE,
and SANDRA PEREZ, as an individual and in
her official capacity as State Personnel Office Director,

        Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on the Defendants' Motion to Compel Discovery and Supporting Memorandum, filed May 21, 2009 (Doc. 20)("Motion to Compel").  The Court held a hearing on September 27, 2010.  The primary issues are:  (i) whether the Court should compel the Plaintiffs to amend their answers to Defendants' First Set of Interrogatories; and (ii) whether the Court should compel the Plaintiffs to further produce documents in response to the Defendants' First Request for Production of Documents.  The Court grants in part and denies in part the Defendants' Motion to Compel, because although the Defendants have obtained some of the information that they were requesting through discovery subsequent to the briefing on the matter, they have not obtained some information and documents that they requested, and these requests are relevant to the parties' claims or defenses.

## FACTUAL BACKGROUND

This case arises from the named Plaintiffs' separation from their employment with CYFD following the closure of the New Mexico Boys School ("NMBS") in December 2006. See Exhibit to Petition for Removal of Cause to Federal Court, Complaint for Violation of Civil Rights with Alternative Petition for Declaratory and Injunctive Relief ¶¶ 7-22, at 2-6, filed October 28, 2008 (Doc. 1-2)("Complaint"). Plaintiff Ed Abreu was the Director of NMBS. See Exhibit to Motion to Compel at 16, Letter to Mr. Abreu from William A. Gregoricus (dated December 5, 2005), filed May 21, 2009 (Doc. 20-9). The other Plaintiffs were employees at NMBS. See Plaintiffs' Response in Opposition to Defendant's [sic] Motion to Compel Discovery, filed June 10, 2009 (Doc. 22)("Response"). The Plaintiffs allege that, in January 2006, CYFD formulated a plan to cease operating NMBS, and that the Defendants "acted in concert with one another pursuant to a common plan and with the common intent to cause the systematic layoff of all NMBS employees." Complaint ¶ 16, at 4. The Plaintiffs' employment was terminated in January, 2007. See Complaint ¶ 22, at 6.

Notwithstanding the overwhelming similarities between the Plaintiffs' claims, differences exist between some of the Plaintiffs. See Response at 2. For example, Abreu is engaged in litigation in the Eighth Judicial District state court involving some of the same Defendants -- CYFD and Dotson -- and some of the same issues arising in this case -- allegations of protected activity. See Response at 2. Extensive discovery has been undertaken in that action, much of it similar or duplicative to the discovery requested in this case. See Response. Defendants' counsel in Abreu's state action is also the Defendants' counsel in this case. See Response at 2 n.2. In addition, Plaintiff Albert Pino litigated extensively against CYFD as a result of his alleged wrongful discharge in 2003. See Response at 2. Pino's state litigation involved extensive discovery and trial proceedings. See

Response at 2.

## PROCEDURAL BACKGROUND

Justin Pennington represents all of the Plaintiffs. The Plaintiffs joined their claims into a single Complaint because each was separated on the same date, for the same reason, by the same employer, and based on the same employment action -- a reduction in force. See Response at 1. Each of the nine Plaintiffs seeks identical declaratory and injunctive relief. See Response at 2. The Plaintiffs filed their action in the Eighth Judicial District for the State of New Mexico on September 19, 2008. See Complaint. Defendants filed a Petition for Removal on October 28, 2008. See Petition for Removal of Cause to Federal Court, filed October 28, 2008 (Doc. 1). Mark Basham represents all of the Defendants. All four Defendants filed a single Answer to the Plaintiffs' Complaint, indicating an identity of defenses and interests. See Answer, filed October 28, 2008 (Doc. 2).

### 1.    Discovery Effort Before the Defendants Filed this Motion.

On February 10, 2009, the Defendants served each of the Plaintiffs with a First Set of Interrogatories, First Request for Production of Documents, and First Request for Admissions. See Motion to Compel at 1. The interrogatories and requests for production were practically identical, with the exception of several interrogatories served on Abreu, Pino, and Defendant Robert Valenzuela. See Response at 2.

The Plaintiffs' responses were due on or before March 16, 2009. See Motion to Compel at 1. The Defendants received the initial responses to discovery shortly after March 16, 2009. See Motion to Compel at 2. The initial responses were limited. See Motion to Compel at 2. Abreu produced no discovery. See Motion to Compel at 2. None of the Plaintiffs produced responses to the requests for production. See Motion to Compel at 2. Plaintiff Marie Majteka provided only answers to

admissions. <u>See</u> Motion to Compel at 2.

The Defendants contend that the document-release forms and the answers to interrogatories were deficient. <u>See</u> Motion to Compel at 2. The Defendants described the alleged deficiencies in their March 23, 2009 letter to the Plaintiffs. <u>See</u> Exhibit to Motion to Compel, Letter from Mark A. Basham to Justin Pennington (dated March 23, 2009), filed May 21, 2009 (Doc. 20-2).

On March 30, 2009, the Plaintiffs produced: (i) answers to interrogatories for Abreu; (ii) a "supplemental" response to the request for production for Pino; (iii) and 380 pages of documents in response to the requests for production. <u>See</u> Motion to Compel at 2. The Defendants contend that the certificate of service for Abreu's response to the request for production indicates that he sent the responses on March 4, 2009, but that the cover letter and the packet were dated March 23, 2009. <u>See</u> Motion to Compel at 2.

In March 2009, Matejka requested that the parties dismiss her from the lawsuit. Mr. Pennington notified the Defendants of this request in late March, 2009, and followed up on April 6, 2009, with a Stipulated Order of Dismissal that both Mr. Pennington and Matejka had signed. <u>See</u> Response at 1 n.1. Matejka requested the Defendants' concurrence on her voluntary dismissal. <u>See</u> Response at 1 n.1. The Defendants contend that the fact that Mr. Pennington has tendered Mr. Basham a draft motion to dismiss Matejka's claims does not relieve Matejka of her obligation to respond to discovery. <u>See</u> Motion to Compel at 17-18.

The Defendants sent another letter on April 27, 2009, regarding the alleged deficiencies in the interrogatories. <u>See</u> Motion to Compel at 2. The Plaintiffs did not supplement their responses to address the concerns that the Defendants raised in their April 27, 2009 letter. <u>See</u> Motion to Compel at 2. The Defendants sent a second letter on May 1, 2009 with a draft of their Motion to Compel. <u>See</u> Exhibit to Motion to Compel, Letter from Peter A. Dwyer and Mark A. Basham to

-4-

Justin Pennington (dated May 1, 2009), filed May 21, 2009 (Doc. 20-2).  As of the time that the Defendants filed their Motion to Compel, they had not received a response to their letter. See Motion to Compel at 2.

In their motion,  the Defendants move the Court, pursuant to rule 37 of the Federal Rules of Civil Procedure and District of New Mexico Local Rule of Civil Procedure 37.1, to compel the Plaintiffs to make complete and appropriate responses to the Defendants' discovery requests. See Motion to Compel at 1.  In their motion, the Defendants address their issues with the Plaintiffs' discovery responses in a plaintiff-by-plaintiff structure.  See Motion to Compel at 2-16.  The Defendants addressed the requests for production by discussing each request that they believed had elicited an insufficient response.  See Motion to Compel at 18-25.  The Defendants attached copies of the discovery and the Plaintiffs' responses to the motion.

The Plaintiffs filed their Response on June 10, 2009.  The Plaintiffs preferred to organize their Response differently from the Defendants' plaintiff-by-plaintiff structure in the Motion to Compel and grouped their responses to the Defendants' motion according to the common discovery request, noting any applicable differences.

As of the time that the Plaintiffs responded to the Defendants' motion to compel, the Defendants had not responded to Matejka's request to dismiss her from the case.  See Response at 3.  In their Response, the Plaintiffs stated that, given the Defendants' unresponsiveness, Matejka would proceed by opposed motion.  See Response at 3.

## RELEVANT LAW REGARDING DISCOVERY

The proper scope of discovery is "any nonprivileged matter that is relevant to any party's claim or defense." Fed. R. Civ. P. 26(b)(1).  Information sought is relevant "if the discovery appears reasonably calculated to lead to the discovery of admissible evidence."  Fed. R. Civ. P. 26(b)(1).

Federal courts have held that the scope of discovery under rule 26 is broad.  See Gomez v. Martin Marietta Corp., 50 F.3d 1511, 1520 (10th Cir. 1995); Sanchez v. Matta, 229 F.R.D. 649, 654 (D.N.M. 2004)(Browning, J.)("The federal courts have held that the scope of discovery should be broadly and liberally construed to achieve the full disclosure of all potentially relevant information."). The federal discovery rules reflect the courts' and Congress' recognition that "mutual knowledge of all the relevant facts gathered by both parties is essential to proper litigation." Hickman v. Taylor, 329 U.S. 495, 507 (1947). As a result, rule 26 "contemplates discovery into any matter that bears on or that reasonably could lead to other matter that could bear on any issue that is or may be raised in a case." Anaya v. CBS Broadcasting, Inc., 251 F.R.D. 645, 649-650 (D.N.M. 2007)(Browning, J.)(citation omitted).

Parties may use several methods, set forth in the Federal Rules of Civil Procedure, to conduct discovery.  Parties may, "by oral questions, depose any person, including a party."  Fed. R. Civ. P. 30(a)(1).  Parties may also "serve on any other party no more than 25 written interrogatories." Fed. R. Civ. P. 33(a)(1).  "An interrogatory may relate to any matter that may be inquired into under Rule 26(b)."  Fed. R. Civ. P. 33(a)(1).  Parties may also "serve on any other party a request within the scope of Rule 26(b),"  for production of documents in the "responding party's possession, custody, or control."  Fed. R. Civ. P. 34(a).  Control comprehends not only possession, "but also the right, authority, or ability to obtain the documents."  Ice Corp. v. Hamilton Sundstand Corp., 245 F.R.D. 513, 516 (D. Kan. 2007).  Courts will find documents to be within a party's control if the party has actual possession, custody, control, or the legal right to obtain the documents on demand. See In re Bankers Trust Co., 61 F.3d 465, 469 (6th Cir. 1995); Ice Corp. v. Hamilton Sundstrand Corp., 245 F.R.D. at 516-17.

## ANALYSIS

The Defendants contend that the Plaintiffs' responses are evasive and incomplete under rule 37(a)(4).   The Court will order the Plaintiffs to amend several of their answers to interrogatories, because the Defendants still do not have complete information.  The Court will order Abreu to provide the Defendants with a list that identifies, to the best of his ability, his medical providers.   The Court will also order the Plaintiffs to provide documentation regarding home foreclosures, vehicle repossessions, and out-of-pocket medical expenses if they are alleging these harms as a result of the Defendants' actions.

## I. THE COURT ORDERS THE PLAINTIFFS TO AMEND SEVERAL OF THEIR ANSWERS TO THE FIRST SET OF INTERROGATORIES.

The Defendants contend that the interrogatories use a cut-and-past format, frequently reciting the same limited response for each Plaintiff.  See Motion to Compel at 2.  The Defendants maintain that the Plaintiffs made little to no effort to obtain individualized responses with pertinent facts.  See Motion to Compel at 2.  While the Defendants refer to the Plaintiffs responses  as "cookie cutter responses," the Plaintiffs contend that the Defendants raise the cookie-cutter argument to compel different responses to the discovery.   Response at 3.   The vast majority of the Defendants' interrogatories were identical, and the material facts upon which the Plaintiffs' base their claims are identical.  The Court is thus not troubled that many of the Plaintiffs' responses to the interrogatories were similar, if not identical.  The Court will address the Motion to Compel in a plaintiff-by-plaintiff structure, and will set forth whether each request to compel is granted or denied.

### A. THE COURT ORDERS ABREU TO AMEND SEVERAL OF HIS ANSWERS TO THE INTERROGATORIES TO CORRECT THE DEFICIENCIES IN HIS ORIGINAL ANSWERS.

The Court will order Abreu to amend his answers to Interrogatory Nos. 7, 9, and 10.  The

Court will deny the Defendants' request that the Court compel Abreu to amend his answers to Interrogatories Nos. 11, 12, 13, 16, 17, 18, 19, 20, 22, and 23.

### 1.    Abreu Must Provide a New Medical Release to Correct the Deficiencies in His Original Answer to Interrogatory No. 7.

This interrogatory requests facts establishing that the Plaintiff has suffered damage to his or her reputation, career, stress, and embarrassment as a result of the reduction in force.  See Exhibit to Motion to Compel, Ed Abreu's Answers to Defendants' First Set of Interrogatories at 17, filed May 21, 2009 (Doc. 20-19)("Ed Abreu's Answers to Defendants' First Set of Interrogatories").  The Defendants contend that Abreu's answer raises a number of factual issues that he does not seem to address.  See Motion to Compel at 3.  The Defendants argue that, for example, Abreu states that he had open-heart surgery because, in part, of the stresses of closing NMBS and his layoff from CYFD, but does not provide details regarding these alleged damages in the discovery.  See id. at 3. The Plaintiffs' Response appears to confuse Interrogatory No. 7 and No. 8, as it does not respond to the Defendants' arguments in addressing Interrogatory No. 7, but responds to the arguments in addressing Interrogatory No. 8. See Response at 6.  Abreu contends that he has executed an authorization allowing defendants access to his medical records and bills, and "has otherwise adequately responded to Interrogatory No. 8."  Response at 6.  In the Defendants' Reply, the Defendants contend that the Plaintiffs rely upon defective releases of medical records.  See Reply at 4. The Defendants state that they do not have and cannot presently obtain the Plaintiffs' medical records.  See Reply at 4.

The dispute appears to have come down to whether the Court should compel Abreu to provide additional responses related to his open-heart surgery and medical issues attendant that surgery.  It appears that a proper release of medical records will solve the problem with Abreu's lack

of detail in his answer to Interrogatory No. 7.  The Court will thus require Abreu to carefully, fully, and adequately compete and provide a new release in the form attached to the Court's local rules within ten days of September 27, 2010, the date of the hearing on the Defendants' Motion to Compel.[1]

### 2.     Abreu Must Amend His Answer to Interrogatory No. 9 to Correct the Original Deficiencies in His Response.

This interrogatory asks the Plaintiff to identify each of the Defendants' violations of the personnel rules, employment manuals, contracts, policies, procedures, and regulations, and who was responsible for the violation.  See Ed Abreu's Answers to Defendants' First Set of Interrogatories at 19.[2]  The Defendants stated that the Plaintiffs' answers to Interrogatory No. 9 were cookie-cutter responses and did not provide facts regarding the specific alleged policy violations.  See Motion to Compel at 3, 9.  As an example, the Defendants note that Abreu's answer states that the Defendants engaged in nepotism and other wrongful practices, but provides no specific instances of nepotism, no names of employees given preferential treatment, and no job positions that were allegedly impacted.  See Motion to Compel at 3.  The Defendants argue that the Plaintiffs' responses appear to be more allegation than factual answer to the inquiry.  See Motion to Compel at 3.  In response,

_____

[1] At the hearing on September 27, 2010, Mr. Dwyer stated that he was satisfied with the Court's inclination to order Abreu to amend his response to Interrogatory No. 9 by providing a complete, accurate, and full release.

[2] This interrogatory is identical to Interrogatory No. 9 in the interrogatories propounded to Plaintiffs Richard Gonzales, Tom Mascarenas, Pino, Antonio Sanchez, Richard Trujillo and Valenzuela.   The Defendants argue that the Plaintiffs' answers to this interrogatory are cookie-cutter responses, which do not identify facts regarding the specific policy violations.  Motion to Compel at 3, 9, 10, 12, 14, 15, 16.  The Plaintiffs respond to the Defendants' argument in one combined argument, stating that the Plaintiffs identified nine separate violations.  See Response at 6.  Because of the similarities in the interrogatories, and arguments, the Court will not re-address these arguments for subsequent Plaintiffs.

the Plaintiffs state that they have identified at least nine separate violations with citations to specific regulations and statutes, and have agreed to supplement their responses as additional information becomes available.  <u>See</u> Response at 6.  The Plaintiffs allege that, "[g]iven the identical factual basis for plaintiffs' separation, their [identical] responses are more than adequate and defendants' motion to compel a different response is without merit."  Response at 4.  In the Defendants' Reply, the Defendants allege that "the responses are all the same and identify two legal theories" -- i.e., failure to perform the reduction in force pursuant to regulations and failure to allow statutory appeal.  Reply at 4. The Defendants contend that the Court should require supplementation with specific facts, identifying particular conduct by particular Defendants.  <u>See</u> Motion to Compel at 3.

The Court finds that the Defendants' Motion to Compel supplemental responses to Interrogatory No. 9 has merit.  The Plaintiffs identify legal theories without specific facts in support of their allegations.  Reiteration of the legal theories provides no insight into the facts underlying the allegations.  The Court will therefore require the Plaintiffs to amend their answers to Interrogatory No. 9 to provide factual details about the allegations they have made.  The Plaintiffs' amended answers should include detail regarding the instances, names of people, and their titles in their amended answers.  The Court thus finds that Abreu must amend his answer to Interrogatory No. 9 to cure the deficiencies in this original response.[3]

### 3.   <u>Abreu Must Amend His Answer to Interrogatory No. 10 to Correct the Original Deficiencies in His Response.</u>

This interrogatory requests information regarding unemployment compensation.  <u>See</u> Ed Abreu's Answers to Defendants' First Set of Interrogatories at 21.  With respect to Abreu, the

---

[3] At the hearing on September 27, 2010, Mr. Dwyer and Mr. Pennington both indicated that they were satisfied with the Court's inclination to order Abreu to amend his answer to Interrogatory No. 9.

Defendants contend that Abreu's answer to Interrogatory No. 10 is unclear, because it states only that he received "$300/week" without indicating the number of weeks he was on unemployment. Motion to Compel at 3. In other words, the Defendants contend that Abreu does not identify the total amount received. See Motion to Compel at 3. Abreu responds that he received approximately $300.00 per week over a one-month period of unemployment. See Response at 6. Abreu also contends that he consented to the release of his tax records to provide this information. See Response at 6. The Defendants argue that Abreu's response is inadequate, and a motion to compel is necessary, because Abreu did not state this information in his sworn answer to the interrogatory, and did not provide tax records or supporting records of any sort. See Reply at 4.

The Court orders Abreu to amend his answer to Interrogatory No. 10 so that it will contain the information given in his response to the Motion to Compel, specifically, that he received approximately $300.00 per week over a one-month period of unemployment. The Court also orders Abreu to execute a complete and adequate release for his employment and tax records.[4]

**4.      The Court Denies the Defendants' Request That It Compel Abreu to Amend His Answer to Interrogatory No. 11.**

This interrogatory requests information regarding communications about the Plaintiff's "alleged unlawful separation." Ed Abreu's Answers to Defendants' First Set of Interrogatories at 22. In Abreu's original answer, he stated that he did not have any communications regarding his alleged unlawful separation. See id. at 22. The Defendants contend, in their Motion to Compel, that Abreu had communications with the Defendants regarding his separation from employment. See Motion to Compel at 3. They contend that the record of closure clearly indicates that there were

---

[4] At the hearing on September 27, 2010, Mr. Dwyer and Mr. Pennington both indicated that they were satisfied with the Court's inclination to order Abreu to amend his answer to Interrogatory No. 10, and to execute a complete, full, and adequate release for his employment and tax records.

letters and electronic mail transmissions to and from Abreu, and that there were meetings regarding the reduction in force.  See Motion to Compel at 3.  The Defendants contend that it is not credible that the Director of NMBS never communicated with the Defendants on the closure process.  See id. at 3.  Because the Plaintiffs group their responses to the Motion to Compel by interrogatory, rather than by person, the Plaintiffs do not specifically address Abreu's response to Interrogatory No. 11.  The Plaintiffs assert that they have identified communications relating to their separation, which they contend is a separate issue from the closure of the NMSB.  See Response at 7.

Although this interrogatory is appropriate, the Court does not believe that the interrogatory encompasses communications regarding the closure of NMSB.  The Court agrees with the Plaintiffs that the closure of NMSB is a separate subject.  The Court will thus deny the Defendants' request that the Court compel Abreu to amend his response to Interrogatory No. 11.[5]

### 5.      The Court Denies the Defendants' Request That It Compel Abreu to Amend His Answer to Interrogatory No. 12.

This interrogatory requests information regarding the Plaintiff's employment history since the date of the separation of his employment with the State of New Mexico.  See Ed Abreu's Answers to Defendants' First Set of Interrogatories at 23.  The Defendants contend that Abreu's response lacks diligence, as indicated by his statement that he was not sure when he received a salary increase and that he was not sure how large the increase was.  See Motion to Compel at 4. The Plaintiffs respond that Abreu "consented to the release of employment, tax and income records which are adequate to satisfy an legitimate need for discovery."  Response at 8.  The Court orders Abreu to respond to Interrogatory No. 10 by executing a complete and adequate release for his

---

[5] At the hearing on September 27, 2010, Mr. Dwyer stated that he concurred with the Court's inclination to deny the Defendants' request that the Court compel Abreu to amend his response to Interrogatory No. 11.

employment and tax records.  The releases for Abreu's employment and tax records will adequately

provide the information that the Defendants are seeking in this interrogatory.  The Court will thus

deny the Defendants' request to compel Abreu to amend his answer to Interrogatory No. 12.[6]

### 6.   The Court Denies the Defendants' Request That It Compel Abreu to Amend His Answer to Interrogatory No. 13.

This interrogatory requests information regarding the Plaintiff's attempts to obtain other

employment for each period of unemployment between the date of the Plaintiff's separation with

the State of New Mexico through present.  See Ed Abreu's Answers to Defendants' First Set of

Interrogatories at 24.  The Defendants argue that Abreu's answer is vague because it does not state

which employment period he is discussing.  See Motion to Compel at 4. The Defendants also argue

that Abreu's response is unresponsive, as it appears to refer to the steps Abreu took to qualify for

unemployment compensation instead of discussing his attempts to obtain other employment.  See

Motion to Compel at 4.  The Plaintiffs respond that Abreu's specific job inquiries and efforts were

not documented, and that counsel is satisfied that Abreu responded in good faith to the best of his

ability.  See Response at 9.  At the hearing on September 27, 2010, the Defendants' counsel, Peter

Dwyer, stated that many of the issues regarding the sequencing and duration of Abreu's employment

were resolved during Abreu's deposition.  The Court will thus deny as moot the Defendants' request

that the Court compel Abreu to amend his response to Interrogatory No. 13 without prejudice to

Defendants renewing the motion if necessary.

---

[6] At the hearing on September 27, 2010, Mr. Dwyer stated that he thought that Abreu's execution of releases for his employment and tax records would sufficiently give the Defendants the information they were seeking in Interrogatory No. 12.

7.    **The Court Denies the Defendants' Request That It Compel Abreu to Amend His Response to Interrogatory No. 16.**

This interrogatory asks the Plaintiff to identify items no longer in his or her possession or control that he or she used in answering the interrogatories and requests for production.  See Ed Abreu's Answers to Defendants' First Set of Interrogatories at 27.  The Defendants contend that Abreu's response is the "first in a series of 'cut and paste' type answers from the Plaintiffs collectively."  Motion to Compel at 4.  The Defendants argue that Abreu did not attempt to identify "the specific documents" that he has lost or mislaid.  Motion to Compel at 4.  The Plaintiffs contend that their responses were "responsive, made in good faith and [were] reasonable."  Response at 11.  Because the Plaintiffs' claims are almost identical, except for the Plaintiffs' different employment and earnings history, the Court is not concerned that some of the answers to the interrogatories are identical.  The Court notes that the answers appear to differ where differing answers would be appropriate.  The Court believes that the Plaintiffs' provision of employment and tax releases will adequately provide the information that the Defendants are seeking in this interrogatory.[7]  The Court thus denies the Defendants' request that the Court compel Abreu to amend his response to Interrogatory 16.[8]

---

[7] At the hearing on September 27, 2010, Mr. Dwyer stated that, during one of the Plaintiffs' depositions, the Plaintiff indicated that he was in the process of destroying documents. The Court stated that it would include a statement in its Memorandum Opinion and Order that the parties are not allowed to destroy documents that may be responsive to the opposing party's requests for production or interrogatories during the course of the suit.  Mr. Dwyer stated that he would inform the Court which Plaintiff made the statement so that the Court could also order the Plaintiff to provide an amended answer to Interrogatory No. 16, stating to the best of his knowledge, which documents he destroyed. Mr. Dwyer has not provided the name yet to the Court, but that Plaintiff must provide an amended answer.

[8] At the hearing on September 27, 2010, Mr. Dwyer stated that he agreed with the Court that the Plaintiffs' execution of the employment and tax releases would adequately provide the Defendants with the information that they were seeking in Interrogatory No. 16.

**8.      The Court Denies the Defendants' Request That the Court Compel Abreu to Amend His Response to Interrogatory No. 17.**

This interrogatory asks the Plaintiff to provide information regarding all witnesses who may be called to testify in support of his or her claims in the action, and to identify the possible subjects of the witness' testimony, and any documents that might support the witness' testimony. See Ed Abreu's Answers to Defendants' First Set of Interrogatories at 28. The Defendants allege that Abreu did not provide contact information for the witnesses he listed, and that he did not identify documents that might support the witness' testimony. See Motion to Compel at 4. Abreu responded that, "[i]nasmuch as these witnesses are employees of CYFD or SPO, [the] defendants would have much better information than plaintiff," and that requiring Abreu to list supporting documents would require him to speculate. Response at 11. The Court is aware that the Defendants have deposed Abreu, and that the deposition likely provided the information that the Defendants are seeking in this interrogatory. The Court will thus deny the Defendants' request that the Court compel Abreu to amend his response to Interrogatory No. 17 without prejudice to the Defendants moving to renew the motion if necessary.

**9.      The Court Denies the Defendants' Request That the Court Compel Abreu to Amend His Response to Interrogatory 18.**

This interrogatory asks the Plaintiff to identify all exhibits that he or she might use at trial. See Ed Abreu's Answers to Defendants' First Set of Interrogatories at 31. In his original answer, Abreu responded: "Nothing, but what the witnesses bring as far as documentation, which I am not privy to at this time." Id. at 31. The Defendants contend that Abreu will likely use exhibits at trial. See Motion to Compel at 5. At the hearing on September 27, 2010, Mr. Dwyer stated that the Defendants wanted an exhibit list. The Court sent a scheduling order to the parties on September 24, 2010, and it stated that it would set deadlines for the provision of an exhibit list closer to the date

of trial.  Because Mr. Dwyer stated  that these actions adequately provide the information that the Defendants are seeking in this interrogatory, the Court will deny the Defendants' request that the Court compel Abreu to amend his response to Interrogatory No. 18 without prejudice to the Defendant moving to renew the motion.  The Plaintiffs are cautioned, however, that if they intend to use an exhibit at trial, they need to produce it as soon as possible, so that there are no surprises close to trial that would require the Court to exclude an undisclosed exhibit.

> **10.**    **The Court Denies the Defendants' Request That the Court Compel Abreu to Amend His Response to Interrogatory 19.**

This interrogatory asks the Plaintiff to set forth information regarding each expected expert witness.  <u>See</u> Ed Abreu's Answers to Defendants' First Set of Interrogatories at 32.  Abreu responded that he has not retained any experts but believes that several of his expected witnesses have expertise and could express opinions.  <u>See</u> <u>id.</u> at 32. The Defendants contend that, if Abreu intends to qualify expert witnesses, he needs to say so expressly.  <u>See</u> Motion to Compel at 5.  At the hearing, Mr. Dwyer stated that he believes this issue has been resolved, as it had come to his attention that the Plaintiffs do not intend to call expert witnesses.  Mr. Pennington confirmed that he did not anticipate calling expert witnesses.  Because it appears that the Defendants no longer need the information that they are seeking in this interrogatory, the Court will deny the Defendants' request that the Court compel Abreu to amend his response to Interrogatory No. 19 without prejudice to the Defendants moving to renew the motion if necessary.

> **11.**    **The Court Denies the Defendants' Request That the Court Compel Abreu to Amend His Response to Interrogatory 20.**

This interrogatory asks the Plaintiff to state the nature and amount of each damage he or she is claiming and identify information regarding each claim. <u>See</u> Ed Abreu's Answers to Defendants' First Set of Interrogatories at 33.  The Defendants contend that Abreu's response does not provide

the requested factual basis and method of calculation, and does not identify any supporting documents.  See Motion to Compel at 5.  The Defendants argue that hospital records need to be provided or identified if Abreu intends to seek damages for a heart condition.  See Motion to Compel at 5.  Abreu contends that he has identified the method of calculation for his damages and a total damage demand based on the information available to him.  See Response at 11. The Court believes that Abreu's provision of a new medical release will adequately provide the Defendants the information that they are seeking in this interrogatory. The Court will thus deny the Defendants' request that the Court compel Abreu to amend his response to Interrogatory No. 20.

### 12.   The Court Denies the Defendants' Request That the Court Compel Abreu to Amend His Response to Interrogatory No. 22.

This interrogatory asks the Plaintiff to state the factual basis for any denials of the requests for admission submitted in the Defendants' First Request for Admissions.  See Ed Abreu's Answers to Defendants' First Set of Interrogatories at 35.  The Defendants contend that Abreu's answer is non-responsive, because it makes only a simple assertion of truth or falsehood, and does not set forth the underlying factual basis for the denials.  See Motion to Compel at 6.  The Defendants did not, however, provide the Court with copies of the responses to requests of admission.  The Plaintiffs contend that their responses explained their qualified denials.  See Response at 12.  At the hearing Mr. Pennington argued that when Abreu gave a qualified denial, he explained the reason for the qualification.  Mr. Pennington stated that when Abreu denied a request for admission without qualification, it was because the statement was false, and Abreu therefore did not need to set forth a further factual basis.   Mr. Pennington read one of the responses as an example.  The Court believes that Abreu set forth a factual basis for his denials of the requests for admission.  The Court will thus deny the Defendants' request that the Court compel Abreu to amend his response to

Interrogatory No. 22.

> ### 13.    The Court Denies the Defendants' Request That the Court Compel Abreu to Amend His Response to Interrogatory No. 23.

This interrogatory asks the Plaintiff to identify information that supports his or her claim of retaliation.  See Ed Abreu's Answers to Defendants' First Set of Interrogatories at 36.  The Defendants contend that the Plaintiffs' responses failed to identify actions and events with particularity.  See Motion to Compel at 6.  The Plaintiffs contend that they provided an adequate and detailed response.  See Response at 12.  At the hearing, Mr. Dwyer stated that he believed that this issue was largely clarified in the deposition process; however, he would like further clarification.  Mr. Pennington stated that he was not sure that the Plaintiffs could provide any additional information, especially as they were questioned about the information requested in this interrogatory in the depositions and could not provide further responses.  Requiring the Plaintiffs to amend their responses to this interrogatory would likely be a futile exercise.  The Court thus denies the Defendants' request that the Court compel Abreu to amend his response to Interrogatory No. 23.

> ## B.    BUSTOS WILL NEED TO AMEND SEVERAL OF HIS ANSWERS TO THE INTERROGATORIES TO CORRECT THE DEFICIENCIES IN HIS ORIGINAL ANSWERS.

The Court will order Bustos to amend his answers to Interrogatory Nos. 4 and 10.  The Court will deny the Defendants' request that the Court compel Bustos to amend his answers to Interrogatory Nos. 3, 7, 11, 12, 13, 16, 17, 19, 20, and 22.

> ### 1.    The Court Denies the Defendants' Request That the Court Compel Bustos to Amend His Response to Interrogatory No. 3.

This interrogatory requests information regarding the Plaintiff's marriage, and the names and addresses of his or her immediate family members.  See Exhibit to Motion to Compel, Joe Bustos' Answers to Defendants' First Set of Interrogatories at 4, filed May 21, 2009 (Doc. 20-21)("Joe

Bustos' Answers to Defendants' First Set of Interrogatories").[9]  The Defendants allege that Bustos

did not provide the date of his marriage, or the ages or contact information of his family members.

See Motion to Compel at 6.  The Plaintiffs oppose the Defendants' request to compel an amended

response to Interrogatory No. 3 on the grounds that neither the dates of the Plaintiffs' marriages nor

the contact information of the Plaintiffs' minor children are relevant to any of the claims or

calculated to lead to the discovery of admissible evidence.  See Response at 3.  The Court recognizes

that the Defendants have deposed the Plaintiffs.  It appears that the depositions adequately provided

the information that the Defendants are seeking in this interrogatory  The Court will deny the

Defendants' request that the Court compel Bustos to amend his answer to Interrogatory No. 3

without prejudice to the Defendants renewing the motion if necessary.

> ## 2.    Bustos Must Provide a Release of His Tax Records to Correct the Deficiencies in His Original Answer to Interrogatory No. 4.

        This interrogatory requests information regarding the Plaintiff's annual and monthly income.

See Joe Bustos' Answers to Defendants' First Set of Interrogatories at 5.[10]  The Defendants allege

---

[9] This interrogatory is identical to Interrogatory No. 3 in the interrogatories propounded to Gonzales, Sanchez, and Valenzuela.  The Defendants argue that each of these Plaintiffs omitted the dates of marriage and contact information for their immediate family members.  See Motion to Compel at 6, 8, 14, 16 (stating that Bustos did not provide his date of marriage, or the telephone numbers of his immediate family members; Gonzales did not provide his date of marriage, or contact information for his children; Sanchez did not give contact information for his children; and Valenzuela did not give his date of marriage).  The Plaintiffs respond to the Defendants' argument in one combined argument, stating that the dates of marriage and contact information of minor children is not relevant.  See Response at 3.  Because of the similarity in the interrogatories, and arguments, the Court will not re-address these arguments when it discusses the subsequent Plaintiffs.

[10] This interrogatory is identical to Interrogatory No. 4 in the interrogatories propounded to Gonzales, Mascarenas, and Sanchez.  The Defendants argue that each of these Plaintiffs omitted the dates they became unemployed.  See Motion to Compel at 6, 8, 9, 14 (stating that Bustos does not give a date when he first became employed, Gonzales does not state when he became unemployed, Mascarenas does not indicate when he became unemployed, and Sanchez did not state when he became unemployed).  The Plaintiffs respond to the Defendants' argument in one combined

that, although Bustos states that he is currently unemployed, he does not give a date regarding when he first became unemployed.  See Motion to Compel at 6.  The Plaintiffs allege that the interrogatory does not request this information and that they have released their tax records.  See Response at 4.  The Court orders Bustos to adequately complete and provide a new release for his tax records. It appears that a proper release of tax records will solve the problem.

### 3.     The Court Denies the Defendants' Request That the Court Compel Bustos to Amend His Response to Interrogatory No. 7.

This interrogatory requests facts that set forth that the Plaintiff has suffered damage to his or her reputation, career, stress, and embarrassment as a result of the reduction in force.  See Joe Bustos' Answers to Defendants' First Set of Interrogatories 8.[11]  The Defendants allege that Bustos' response was a cookie-cutter response, and did not separately identify in detail how he was damaged or give any factual information regarding his damages.  See Motion to Compel at 6.  The Plaintiffs contend that their response cited "loss of steady income, inability to pay regular bills and expenses, impairment to family life and . . . embarrassment."  Response at 5.  The Plaintiffs argue that their responses adequately and fairly answered the interrogatory.  See id. at 5.  At the hearing, Mr. Dwyer stated that, when the Defendants deposed the Plaintiffs, he obtained information regarding the

_____

argument, stating that the Plaintiffs have released their tax records, and that the interrogatory does not request information regarding the dates of unemployment.  See Response at 3.  Because of the similarity in the interrogatories, and arguments, the Court will not re-address the arguments for the subsequent Plaintiffs.

[11] This interrogatory is identical to Interrogatory No. 7 in the interrogatories propounded to Gonzales, Mascarena, Pino, Sanchez, Trujillo, and Valenzuela.  Although the Defendants' Motion to Compel addresses each Plaintiff separately, the Defendants' allege that each of these Plaintiffs made a cookie-cutter response that does not specify in detail how "the Plaintiff was damaged or give any factual information whatsoever."  Motion to Compel at 6.  The Plaintiff alleged that their responses "adequately and fairly answered the interrogatory." Response at 5.  Because the interrogatories, and arguments are identical, the Court will not re-state the arguments for the subsequent Plaintiffs.

Plaintiffs' claims to damages.  Because the Court finds that the depositions adequately provided the information that the Defendants are seeking in this interrogatory, the Court will deny the Defendants' request that the Court compel Bustos to amend his response to Interrogatory No. 7 without prejudice to the Defendants moving to renew the motion if necessary.

### 4.   Bustos Must Provide a New Medical Release to Correct the Deficiencies in His Original Answer to Interrogatory No. 10.

This interrogatory requests information regarding unemployment compensation.  See Joe Bustos' Answers to Defendants' First Set of Interrogatories at 12.  Defendants contend that, although Bustos' answer is responsive, Bustos has not produced documents relating to his unemployment compensation.  See Motion to Compel at 7.  Bustos represents that he has produced all records within his possession, custody and control.  See Response at 7.  The Court will require Bustos to carefully, fully, and adequately compete and provide a release for his tax records and employment to the Defendants, if he has not done so already, to correct the deficiencies in his original response to Interrogatory No. 10.[12]

### 5.   The Court Denies the Defendants' Request That the Court Compel Bustos to Amend His Response to Interrogatory No. 11.

This interrogatory requests information concerning communications regarding the Plaintiff's "alleged unlawful separation."  Joe Bustos' Answers to Defendants' First Set of Interrogatories at 13.[13]  The Defendants argue that the Plaintiffs' responses are cookie-cutter, and that they have not

---

[12] At the hearing on September 27, 2010, Mr. Dwyer stated that he concurred with the Court's belief that Bustos' provision of a complete, adequate, and full release would correct the deficiencies in his original response to Interrogatory No. 10.

[13] This interrogatory is identical to Interrogatory No. 11 in the interrogatories propounded to Mascarena, Pino, Sanchez, Trujillo, and Valenzuela.  These Defendants make the same argument regarding this interrogatory for each of these Plaintiffs.  The Defendants state that these Plaintiffs' responses are cookie-cutter, and that the responses fail to identify witnesses, meetings, meeting

identified all the communications.  See Motion to Compel at 7, 10.  The Plaintiffs contend that they have described an oral communication and have identified a letter of termination.  See Response at 7.  The Plaintiffs contend that the Defendants read this interrogatory expansively and unreasonably, because the Plaintiffs' separation, while resulting from the closure of the NMSB, is not the same as the closure of the NMSB.  See id. at 7.

Although this interrogatory is appropriate, the Court does not believe that the wording of the interrogatory encompasses communications regarding the closure of NMSB.  The Court agrees with the Plaintiffs that the closure of NMSB is a separate subject.  The Court will thus deny the Defendants' request that it compel Bustos to amend his response to Interrogatory No. 11.

6.    **The Court Denies the Defendants' Request That the Court Compel Bustos to Amend His Response to Interrogatory No. 12.**

This interrogatory requests information regarding the Plaintiff's employment history since his or her separation with the State of New Mexico.  See Joe Bustos' Answers to Defendants' First Set of Interrogatories at 5.[14]  The Defendants contend that Bustos does not give specific dates of

---

dates, and other documents.  See Motion to Compel at 7, 10, 12, 14, 15, 16.  These Plaintiffs address the Defendants' arguments in a single, combined, response.  They argue that their separation is not the same as the closure of NMBS and that they have provided all information regarding communications about their allegedly unlawful separation.  See Response at 7-8.  Because the interrogatories, responses, and arguments are the same, the Court will not re-state the arguments in analyzing the subsequent Plaintiffs.

[14] This interrogatory is identical to Interrogatory No. 12 in the interrogatories propounded on Gonzales, Mascarenas, Pino and Sanchez.  The Defendants argue that the Plaintiffs did not provide responsive information such as job titles, salary, supervisors, and reasons for termination. See Motion to Compel at 7, 10, 12, 14 (stating that Bustos did not provide information on the date he was hired, salary information, job position, supervisors, or reason for termination; Mascarenas did not provide information regarding salary, supervisor, or reasons for termination; Pino did not provide current salary information, dates of employment or job position; and Sanchez did not provide information on his supervisors). The Court will not re-state these arguments when discussing subsequent Plaintiffs.

employment, salary information, job position or title, or reasons for terminating his employment. See Motion to Compel at 7. Bustos asserts that the deficiencies are de minimus in nature, and, in any event, are addressed through his consent to release employment records. See Response at 9. The Court believes that the information contained in Bustos' employment records will adequately provide the information that Defendants are seeking in this interrogatory. The Court will therefore deny the Defendants' request that the Court compel Bustos to amend his response to Interrogatory No. 12.[15]

### 7.   The Court Denies the Defendants' Request That the Court Compel Bustos to Amend His Response to Interrogatory No. 13.

This interrogatory requests information regarding the Plaintiff's attempts to obtain other employment for each period of unemployment between the date of separation with the State of New Mexico through present. See Joe Bustos' Answers to Defendants' First Set of Interrogatories at 15.[16] The Defendants contend that Bustos should provide the names of potential employers, any applications he made, identification of person who received application information, and

---

[15] At the hearing on September 27, 2010, Mr. Dwyer stated that he was satisfied that the information in Bustos' employment records would adequately provide the information that the Defendants' were seeking in Interrogatory No. 12.

[16] This interrogatory is identical to Interrogatory No. 13 in the interrogatories propounded on Gonzales, Mascarenas, Pino, Sanchez, and Valenzuela. The Defendants argue that the Plaintiffs did not provide responsive information such as the dates Plaintiffs sought unemployment, the applications Plaintiffs made, the names of potential employers, identification of person who received application information, and identification of application documents. See Motion to Compel at 7, 9, 10, 13, 14 (stating that Bustos did not provide information regarding applications he made, names of potential employers, identification of person who received application information, and identification of the application documents; Gonzales did not provide application dates nor identify the person to whom he sent applications; Mascarenas did not identify applications or employers; Pino did not specify his job searches; and Sanchez did not specify applications or potential employers). The Plaintiffs respond in a common response that the Plaintiffs' job searches were not well documented and that the Plaintiffs have answered in good faith to the best of their abilities. See Response at 9. The Court will not re-state the arguments when discussing subsequent Plaintiffs.

identification of application documents.  <u>See</u> Motion to Compel at 7.  The Plaintiffs contend that their efforts were not documented, and that they answered the interrogatory to the best of their ability in a truthful manner.  <u>See</u> Response at 9. At the hearing, Mr. Dwyer stated that he questioned the Plaintiffs on this topic during their depositions, but that most of the Plaintiffs could not identify any specific potential employers.  Mr. Pennington stated that he thought the Plaintiffs had responded to the best of their ability.  The Court finds that, because the Plaintiffs have been asked to relay this information under oath twice, and have been unable to do so, it would be futile to require the Plaintiffs to amend their responses.  The Court will thus deny the Defendants' request to compel Bustos to amend his response to Interrogatory 13.

### 8. The Court Denies the Defendants' Request That the Court Compel Bustos to Amend His Response to Interrogatory No. 16.

This interrogatory asks the Plaintiff to identify any documents no longer in the Plaintiffs' possession or control.  <u>See</u> Joe Bustos' Answers to Defendants' First Set of Interrogatories at 18.[17] The Defendants contend that the Plaintiffs' responses evade the interrogatory by giving the "pat response" that they cannot identify the documents.  Motion to Compel at 7.  The Plaintiffs respond that, although they assume that many documents are no longer in their possession, they cannot identify these documents.  <u>See</u> Response at 10.  During the hearing, Mr. Dwyer stated that it became apparent to him after deposing the Plaintiffs that they did not retain the vast majority of the documents that the Defendants were seeking.  The Court concludes that it would be futile to require

---

[17] This interrogatory is identical to Interrogatory No. 16 in the interrogatories propounded on Gonzales, Mascarenas, Pino, Sanchez, Trujillo, and Valenzuela.  The Defendants argue that the Plaintiffs gave cookie-cutter responses and failed to identify specific documents.  <u>See</u> Motion to Compel at 7, 9, 10, 13, 14, 15, 16.  The Plaintiffs respond in a common response, alleging that they have provided all the documents in their possession and cannot identify any documents that are no longer in their possession.  <u>See</u> Response at 10. The Court will not re-state these arguments when addressing subsequent Plaintiffs.

the Plaintiffs to amend their responses to this interrogatory.   The Court will thus deny the Defendants' request that the Court order Bustos to amend his answer to Interrogatory 16.

9.      **The Court Denies the Defendants' Request That the Court Compel Bustos to Amend His Response to Interrogatory No. 17.**

This interrogatory requests information regarding the nature and amount of the Plaintiff's claims for damages, and requests supporting documentation.   See Joe Bustos' Answers to Defendants' First Set of Interrogatories at 19.[18] The Defendants contend that the Plaintiffs do not state the basis of their claims for damages or any facts in support of the claims.   See Motion to Compel at 8.  The Plaintiffs respond that they have calculated their damages, identified the element of damage involved, the method of valuation, and provided a total claim of damage based on the available information.  See Response at 11.  The Court recognizes that the Defendants have deposed all of the Plaintiffs. It appears that the depositions adequately provided the information that the Defendants are seeking in this interrogatory.  The  Court will thus deny the Defendants' motion to compel Bustos to amend his response to Interrogatory No. 17.

10.     **The Court Denies the Defendants' Request That the Court Compel Bustos to Amend His Response to Interrogatory No. 19.**

This interrogatory asks the Plaintiff to state the factual basis for any denials of the requests for admission submitted in the Defendants' First Request for Admissions.  See Joe Bustos' Answers

_____

[18] This interrogatory is identical to Interrogatory No. 17 in the interrogatories propounded on Gonzales, Mascarenas, Pino, Sanchez, Trujillo, and Valenzuela.  The Defendants argue that the Plaintiffs did not provide a basis for their claims or manner of calculation for the figure.  See Motion to Compel at 8, 9, 11, 13, 14, 15, 16.  The Plaintiffs respond in a common response, alleging that they have not only calculated their damages, but have identified the method of valuation and have provided a total damage claim based on available information.  See Response at 11.  The Court will not re-state the arguments when discussing subsequent Plaintiffs.

to Defendants' First Set of Interrogatories  at 21.[19]  The Defendants contend that the Plaintiffs did

not clearly set forth the reasons for denying some of the requests for admissions.  The Plaintiffs

contend that their responses explained their denials when their denials were qualified.  See Response

at 12.  The Court will deny Defendants' request that the Court compel Bustos to amend his response

to Interrogatory No. 19 because it appears to the Court, on the limited record it has on the requests

for admission, that the Plaintiffs set forth sufficient factual reasons for their denials.

**11.     The Court Denies the Defendants' Request That the Court Compel
Bustos to Amend His Response to Interrogatory No. 20.**

This interrogatory requests information regarding the dates and reasons that the Plaintiff took

leave during 2006.  See Joe Bustos' Answers to Defendants' First Set of Interrogatories at 22.  The

Defendants contend that Bustos ignored the question by responding that he did not have this

information.  See Motion to Compel at 8.  Bustos alleges that he does not have this information, but

that the information is contained in the records that the CYFD maintains.  See Response at 12-13.

The Court believes that the Defendants will be able to obtain this information following Bustos'

execution of a release of his employment records.  The Court will thus deny the Defendants' request

that the Court compel Bustos to amend his response to Interrogatory No. 20.

**12.     The Court Denies the Defendants' Request That the Court Compel
Bustos to Amend His Response to Interrogatory No. 22.**

This interrogatory requests information regarding facts that support the Plaintiff's claim of

---

[19] This interrogatory is identical to Interrogatory No. 19 in the interrogatories propounded
on Gonzales, Mascarenas, Pino, Sanchez, Trujillo, and Valenzuela.  The Defendants argue that the
Plaintiffs did not set forth facts upon which they relied in denying the requests for admission that
they denied.  See Motion to Compel at 8, 9, 11, 13, 15, 16.  The Plaintiffs respond in a common
response, alleging their responses explained any denial where the denial was qualified.  See
Response at 11-12.  The Court will not re-state these arguments when discussing subsequent
Plaintiffs.

retaliation.  <u>See</u> Joe Bustos' Answers to Defendants' First Set of Interrogatories at 24.[20]   The

Defendants contend that Bustos' response stated he "repeatedly objected" at various town hall,

facility and union meetings is vague, and does not provide enough detail.  Motion to Compel at 8.

The Plaintiffs contend that their answers are responsive, made in good faith, and based on the best

information available to them.  <u>See</u> Response at 12.  The Defendants have deposed Bustos.  The

Court believes that the information that the Defendants obtained in the deposition adequately

resolves the dispute over this interrogatory.  The Court will thus deny the Defendants' request that

the Court compel  Bustos to amend his response to Interrogatory No. 22 without prejudice to the

Defendants renewing the motion if necessary.

### C.   GONZALES WILL NEED TO AMEND SEVERAL OF HIS ANSWERS TO THE INTERROGATORIES TO CORRECT THE DEFICIENCIES IN HIS ORIGINAL ANSWERS.

The Court will order Gonzales to amend his answers to Interrogatory Nos. 4 and 9.  The

Court will deny the Defendants' request that the Court compel Gonzales to amend his answers to

Interrogatories Nos. 3, 4, 7, 12, 13, 15, 16, 17, 19, and 20.[21]

---

[20] This interrogatory is identical to Interrogatory No. 22 in the interrogatories propounded on Mascarenas and Pino, and to Interrogatory No. 20 in the interrogatories propounded on Gonzales, Sanchez, and Trujillo, and to Interrogatory No. 21 in the interrogatories propounded on Valenzuela. The Defendants argue that the Plaintiffs did not set forth specific facts regarding meetings attended, dates, times, locations, and the acts of the Plaintiffs that constituted the objections.  <u>See</u> Motion to Compel at 8, 9, 11, 13, 15, 16.  The Plaintiffs respond in a common response, alleging their responses were made in good faith and are based on the best available information.  <u>See</u> Response at 12.  The Court will not re-state the arguments when discussing subsequent Plaintiffs.

[21] At the hearing on September 27, 2010, Mr. Dwyer stated that the disputes over Gonzales' responses to the interrogatories had been resolved, either through the hearing for the reasons stated on the record or through Gonzales' deposition.

1.    **The Court Denies the Defendants' Request That the Court Compel Gonzales to Amend His Response to Interrogatory No. 3.**

For reasons previously stated at the hearing and in this Memorandum Opinion and Order, the Court will deny the Defendants' request that the Court compel Gonzales to amend his response to Interrogatory No. 3 without prejudice to the Defendants renewing the motion if necessary.

2.    **Gonzales Must Provide a Release of His Tax Records to Correct the Deficiencies in his Original Answer to Interrogatory No. 4.**

For reasons previously stated at the hearing and in this Memorandum Opinion and Order, the Court will grant the Defendant's request that the Court compel Gonzales to amend his response to Interrogatory No. 4 and will require Gonzales to provide a complete, full, and accurate release of his tax records.

3.    **The Court Denies the Defendants' Request That the Court Compel Gonzales to Amend His Response to Interrogatory No. 7.**

For reasons previously stated at the hearing and in this Memorandum Opinion and Order, the Court will deny the Defendants' request that the Court compel Gonzales to amend his answer to Interrogatory No. 7 without prejudice to the Defendants renewing the motion because defense counsel.

4.    **The Court Requires Gonzales to Amend His Answer to Interrogatory No. 9 to Cure the Deficiencies in His Original Answer.**

For reasons previously stated at the hearing and in this Memorandum Opinion and Order, the Court will require Gonzalez to amend his answer to Interrogatory No. 9 to provide factual details, such as the instances, names of people, and their titles.

5.    **The Court Denies the Defendants' Request That the Court Compel Gonzales to Amend His Response to Interrogatory No. 12.**

The Court will deny Defendants' motion to compel Gonzales to amend his response to

Interrogatory No. 12, because the Court believes that the information that the Government will obtain from Gonzales' release of his employment records will resolve the dispute over this interrogatory.

> **6.      The Court Denies the Defendants' Request That the Court Compel Gonzales to Amend His Response to Interrogatory No. 13.**

For reasons previously stated at the hearing and in this Memorandum Opinion and Order, the Court will deny the Defendants' request to compel Gonzales to amend his response to Interrogatory 13.

> **7.      The Court Denies the Defendants' Request That the Court Compel Gonzales to Amend His Response to Interrogatory No. 15.**

This interrogatory requests information regarding whether the Plaintiff has been a party to another lawsuit, and to describe the claims and state the caption of the case. See Exhibit to Motion to Compel, Richard Gonzales' Answers to Defendants' First Set of Interrogatories at 22, filed May 21, 2009 (Doc. 20-26).[22]  The Defendants contend that Gonzales did not provide a case name or number for the lawsuit in which he was previously involved, and neglected to provide responsive information from divorce proceedings. See Motion to Compel at 9.  The Plaintiffs state that they doubt case names and prior divorce actions are relevant. See Response at 9.  Gonzalez also states that he is not certain that a lawsuit followed his workers' compensation claim. See id. at 10.  The

_____

[22] This interrogatory is identical to Interrogatory No. 15 in the interrogatories propounded on Mascarenas, Sanchez, and Valenzuela. The Defendants argue that the Plaintiffs did not provide responsive information, such the case names or numbers, information regarding divorce proceedings, or names of attorneys. See Motion to Compel at 9, 10, 14, 16 (stating that Mascarenas did not provide information on his divorce proceeding, Sanchez did not provide the names of the attorneys representing the parties, and Valenzuela did not provide a case name or caption). The Plaintiffs respond in a common response that the information regarding Plaintiffs' divorces is not relevant, that attorneys names were not provided if they were unknown or if no attorneys appeared in the matter. See Response at 9-10. The Court will not re-state these arguments when addressing subsequent Plaintiffs.

Defendants have now deposed Gonzales.  The Court believes that the information which the Defendants obtained in the deposition adequately resolved the dispute over this interrogatory.  The Court will thus deny the Defendants' Motion to Compel Gonzales to amend his response to Interrogatory No. 15 without prejudice to the Defendants renewing the motion if necessary.

### 8.   **The Court Denies the Defendants' Request That the Court Compel Gonzales to Amend His Response to Interrogatory No. 16.**

For reasons previously stated at the hearing on the record and in this Memorandum Opinion and Order, the Court will deny the Defendants' request that the Court compel Gonzales to amend his answers to Interrogatory 16.

### 9.   **The Court Denies the Defendants' Request That the Court Compel Gonzales to Amend His Response to Interrogatory No. 17.**

For reasons previously stated at the hearing on the record and in this Memorandum Opinion and Order, the Court will deny the Defendants' request that the Court compel Gonzales to amend his response to Interrogatory No. 17.

### 10.   **The Court Denies the Defendants' Request That the Court Compel Gonzales to Amend His Response to Interrogatory No. 19.**

For reasons previously stated at the hearing on the record and in this Memorandum Opinion and Order, the Court will deny the Defendants' request that the Court compel Gonzales to amend his response to Interrogatory No. 19.

### 11.   **The Court Denies the Defendants' Request That the Court Compel Gonzales to Amend His Response to Interrogatory No. 20.**

For reasons previously stated at the hearing on the record and in this Memorandum Opinion and Order, the Court will deny the Defendants' request that the Court compel Gonzalez to amend his response to Interrogatory No. 20.

**D.   MASCARENAS WILL NEED TO AMEND SEVERAL OF HIS ANSWERS TO THE INTERROGATORIES TO CORRECT THE DEFICIENCIES IN HIS ORIGINAL ANSWERS.**

The Court will order Mascarenas to amend his answers to Interrogatory Nos. 4, 9 and 12. The Court will deny the Defendants' request that the Court compel Mascarenas to amend his answers to Interrogatories Nos. 4, 7, 11, 13, 15, 16, 17, 21, and 22.

**1.   Mascarenas Must Provide a Release of His Tax Records to Amend His Response to Interrogatory No. 4.**

For reasons previously stated at the hearing on the record and in this Memorandum Opinion and Order, the Court will grant the Defendant's request that the Court compel Mascarenas to amend his response to Interrogatory No. 4, and will require Mascarenas to provide a complete, full, and accurate release of his tax records.

**2.   The Court Denies the Defendants' Request That the Court Compel Mascarenas to Amend His Response to Interrogatory No. 7.**

For reasons previously stated at the hearing on the record and in this Memorandum Opinion and Order, the Court will deny the Defendants' request that the Court compel Mascarenas to amend his response to Interrogatory No. 7 without prejudice to the Defendants moving to renew the motion if necessary.

**3.   Mascarenas Must Amend His Response to Interrogatory No. 9 to Cure the Deficiencies in His Original Response.**

For reasons previously stated at the hearing on the record and in this Memorandum Opinion and Order, the Court will require Mascarenas to amend his answer to Interrogatory No. 9 to provide factual details such as the instances, names of people, and their titles.

**4.   The Court Denies the Defendants' Request That the Court Compel Mascarenas to Amend His Response to Interrogatory No. 11.**

For reasons previously stated at the hearing on the record and in this Memorandum Opinion

and Order, the Court will deny the Defendants' motion to compel Mascarenas to amend his response to Interrogatory No. 11.

> ### 5.     Mascarenas Must Amend His Response to Interrogatory No. 12 to Cure the Deficiencies in His Original Response.

The Court will order Mascarenas to amend his response to Interrogatory No. 12 to cure the deficiencies in his original response, such as a failure to include information regarding his salary, supervisor, and reasons for termination.  See Motion to Compel at 10.[23]

> ### 6.     The Court Denies the Defendants' Request That the Court Compel Mascarenas to Amend His Response to Interrogatory No. 13.

For reasons previously stated at the hearing on the record and in this Memorandum Opinion and Order, the Court will deny the Defendants' request to compel Mascarenas to amend his response to Interrogatory 13.

> ### 7.     The Court Denies the Defendants' Request That the Court Compel Mascarenas to Amend His Response to Interrogatory No. 15.

For reasons previously stated at the hearing on the record and in this Memorandum Opinion and Order, the Court will deny the Defendants' request that the Court compel Mascarenas to amend his response to Interrogatory No. 15.

> ### 8.     The Court Denies the Defendants' Request That the Court Compel Mascarenas to Amend His Response to Interrogatory No. 16.

For reasons previously stated at the hearing on the record and in this Memorandum Opinion and Order, the Court will deny the Defendants' request that the Court compel Mascarenas to amend

---

[23] The Court recognizes that it did not order Abreu or Bustos to amend their responses to Interrogatory No. 12.  The Court, however, does not believe that its ruling is inconsistent, as it is attempting to address as precisely and efficiently as possible, after hearing of the developments since the briefing on the motion was completed, the differences in the amount of information that the Defendants currently have from the different Plaintiffs.

his answers to Interrogatory 16.

### 9. The Court Denies the Defendants' Request That the Court Compel Mascarenas to Amend His Response to Interrogatory No. 17.

For reasons previously stated at the hearing on the record and in this Memorandum Opinion and Order, the Court will deny the Defendants' request that the Court compel Mascarenas to amend his response to Interrogatory No. 17.

### 10. The Court Denies the Defendants' Request That the Court Compel Mascarenas to Amend His Response to Interrogatory No. 21.

This interrogatory requests information from the Plaintiff regarding what provision of the Complaint the Plaintiff believes states his claims and what factual information he has regarding how the Defendants' actions impacted him. See Exhibit to Motion to Compel, Tom Mascarenas' Answers to Defendants' First Set of Interrogatories at 23, filed May 21, 2009 (Doc. 20-27). The Defendants state that Mascarenas' response fails to set forth facts in support of the proposition that the reduction in force affected him. See Motion to Compel at 11. Mascarenas denies that he was transferred to the Department of Health before the reduction in force, and explains that the entire Complaint applies to him, including the description of the Defendants' actions. See Response at 13. The Court thinks that ordering an amended response to this interrogatory will not resolve this disputed issue. The Court believes that this issue is more of a legal issue, and therefore an amended response will not resolve the dispute. The Court thus denies the Defendants' request that the Court compel Mascarenas to amend his response to Interrogatory No. 21.

### 11. The Court Denies the Defendants' Request That the Court Compel Mascarenas to Amend His Response to Interrogatory No. 22.

For reasons previously stated at the hearing on the record and in this Memorandum Opinion and Order, the Court will deny the Defendants' request that the Court compel Mascarenas to amend

his response to Interrogatory No. 22.

E.    **PINO WILL NEED TO AMEND SEVERAL OF HIS ANSWERS TO THE INTERROGATORIES TO CORRECT THE DEFICIENCIES IN HIS ORIGINAL ANSWERS.**

The Court will order Pino to amend his answer to Interrogatory No. 9.  The Court will deny the Defendants' request that the Court compel Pino to amend his answers to Interrogatories Nos. 7, 11, 12, 13, 16, 17, 19, and 22.[24]

1.    **The Court Denies the Defendants' Request That the Court Compel Pino to Amend His Response to Interrogatory No. 7.**

For reasons previously stated at the hearing on the record and in this Memorandum Opinion and Order, the Court will deny the Defendants' request that the Court order Pino to amend his response to Interrogatory No. 7 without prejudice to the Defendants moving to renew the motion if necessary.

2.    **Pino Must Amend His Response to Interrogatory No. 9 to Cure the Deficiencies in His Original Answer.**

For reasons previously stated at the hearing on the record and in this Memorandum Opinion and Order, the Court will require Pino to amend his answer to Interrogatory No. 9 to provide factual details such as the instances, names of people, and their titles.

3.    **The Court Denies the Defendants' Request that The Court Compel Pino to Amend His Response to Interrogatory No. 11.**

For reasons previously stated at the hearing on the record and in this Memorandum Opinion and Order, the Court will deny the Defendants' request that the Court compel Pino to amend his response to Interrogatory No. 11.

---

[24]  At the hearing on September 27, 2010, Mr. Dwyer stated that the disputes over Pino's responses to the interrogatories had been resolved, either through the hearing for the reasons stated on the record or through Pino's deposition.

**4.      The Court Denies the Defendants' Request That the Court Compel Pino to Amend His Response to Interrogatory No. 12.**

For reasons previously stated at the hearing on the record and in this Memorandum Opinion and Order, the Court will deny the Defendants' request that the Court compel Pino to amend his response to Interrogatory No. 12.

**5.      The Court Denies the Defendants' Request That the Court Compel Pino to Amend His Response to Interrogatory No. 13.**

For reasons previously stated at the hearing on the record and in this Memorandum Opinion and Order, the Court will deny the Defendants' request that the Court compel Pino to amend his response to Interrogatory 13.

**6.      The Court Denies the Defendants' Request That the Court Compel Pino to Amend His Response to Interrogatory No. 16.**

For reasons previously stated at the hearing on the record and in the Memorandum Opinion and Order, the Court will deny the Defendants' request that the Court compel Pino to amend his answers to Interrogatory 16.

**7.      The Court Denies the Defendants' Request That the Court Compel Pino to Amend His Response to Interrogatory No. 17.**

For reasons previously stated at the hearing on the record and in the Memorandum Opinion and Order, the Court will deny the Defendants' request that the Court compel Pino to amend his response to Interrogatory No. 17.

**8.      The Court Denies the Defendants' Request That the Court Compel Pino to Amend His Response to Interrogatory No. 19.**

For reasons previously stated at the hearing on the record and in the Memorandum Opinion and Order, the Court will deny the Defendants' request that the Court compel Pino to amend his response to Interrogatory No. 19.

### 9.     The Court Denies the Defendants' Request That the Court Compel Pino to Amend His Response to Interrogatory No. 20.

Interrogatory No. 20 requests information regarding the Plaintiff's efforts to obtain a position as a Park Ranger in Cimarron.  <u>See</u> Exhibit to Motion Compel, Albert Pino's Answers to Defendants' First Set of Interrogatories at 33, filed May 21, 2009 (Doc. 20-28).  The Defendants contend that some information, such as the date of application, to whom it was sent, and whether the Plaintiff interviewed and was offered the position, is required.  <u>See</u> Motion to Compel at 13. Pino argues that his answer is factually accurate and adequately responds to the interrogatory.  <u>See</u> Response at 13.  The Defendants have now deposed Pino.  The Court believes that the information which the Defendants obtained in the deposition adequately resolves the dispute over this interrogatory.  The Court will thus deny the Defendants' request that the Court compel Pino to amend his response to Interrogatory No. 20 without prejudice to the Defendants renewing the motion if necessary.

### 10.     The Court Denies the Defendants' Request That the Court Compel Pino to Amend His Response to Interrogatory No. 22.

For reasons previously stated at the hearing on the record and in this Memorandum Opinion and Order, the Court will deny the Defendants' request that the Court compel Pino to amend his response to Interrogatory No. 22.

### F.     SANCHEZ WILL NEED TO AMEND SEVERAL OF HIS ANSWERS TO THE INTERROGATORIES TO CORRECT THE DEFICIENCIES IN HIS ORIGINAL ANSWERS.

The Court will order Sanchez to amend his answers to Interrogatory Nos. 4 and 9.  The Court denies the Defendants' request that the Court compel Sanchez to amend his answers to

Interrogatories Nos. 3, 4, 7, 11, 12, 13, 15, 16, 17, 18, 19, and 20.[25]

**1.      The Court Denies the Defendants' Request That the Court Compel Sanchez to Amend His Response to Interrogatory No. 3.**

For reasons previously stated at the hearing on the record and in this Memorandum Opinion and Order, the Court will deny the Defendants' request that the Court order Sanchez to amend his response to Interrogatory No. 3 without prejudice to the Defendants renewing the motion if necessary.

**2.      Sanchez Must Provide a Release of His Tax Records to Make Sufficient His Response to Interrogatory No. 4.**

For reasons previously stated at the hearing on the record and in this Memorandum Opinion and Order, the Court will grant the Defendant's request that the Court compel Sanchez to amend his response to Interrogatory No. 4 by providing a full, complete, and accurate a release of his tax records.

**3.      The Court Denies the Defendants' Request That the Court Compel Sanchez to Amend His Response to Interrogatory No. 7.**

For reasons previously stated at the hearing on the record and in this Memorandum Opinion and Order, the Court will deny the Defendants' request that the Court order Sanchez to amend his response to Interrogatory No. 7 without prejudice to the Defendants moving to renew the motion if necessary.

**4.      Sanchez Must Amend His Response to Interrogatory No. 9 to Cure the Deficiencies in His Original Answer.**

For reasons previously stated at the hearing on the record and in this Memorandum Opinion and Order, the Court will require Sanchez to amend his answer to Interrogatory No. 9 to provide

---

[25]  At the hearing on September 27, 2010, Mr. Dwyer stated that the disputes over Sanchez' responses to the interrogatories had been resolved, either through the hearing for the reasons stated on the record or through Sanchez' deposition.

factual details, such as the instances, names of people, and their titles.

> **5.      The Court Denies the Defendants' Request That the Court Compel Sanchez to Amend His Response to Interrogatory No. 11.**

For reasons previously stated at the hearing on the record and in this Memorandum Opinion and Order, the Court will deny the Defendants' request that the Court  compel Sanchez to amend his response to Interrogatory No. 11.

> **6.      The Court Denies the Defendants' Request That the Court Compel Sanchez to Amend His Response to Interrogatory No. 12.**

The Court believes that the Defendants obtained the information that they were requesting in this interrogatory in Sanchez' deposition.  The Court will thus deny the Defendants' request that the Court compel Sanchez to amend his response to Interrogatory No. 12 without prejudice to the Defendants renewing the motion if necessary.

> **7.      The Court Denies the Defendants' Request That the Court Compel Sanchez to Amend His Response to Interrogatory No. 13.**

For reasons previously stated at the hearing on the record and in this Memorandum Opinion and Order, the Court will deny the Defendants' request to compel Sanchez to amend his response to Interrogatory 13.

> **8.      The Court Denies the Defendants' Request That the Court Compel Sanchez to Amend His Response to Interrogatory No. 15.**

For reasons previously stated at the hearing on the record and in this Memorandum Opinion and Order, the Court will deny the Defendants' request that the Court  compel Sanchez to amend his response to Interrogatory No. 15.

> **9.      The Court Denies the Defendants' Request That the Court Compel Sanchez to Amend His Response to Interrogatory No. 16.**

For reasons previously stated at the hearing on the record and in the Memorandum Opinion

and Order, the Court will thus deny the Defendants' request that it compel Sanchez to amend his answers to Interrogatory 16.

### 10.   The Court Denies the Defendants' Request That the Court Compel Sanchez to Amend His Response to Interrogatory No. 17.

For reasons previously stated at the hearing on the record and in the Memorandum Opinion and Order, the Court will deny the Defendants' motion to compel Sanchez to amend his response to Interrogatory No. 17.

### 11.   The Court Denies the Defendants' Request That the Court Compel Sanchez to Amend His Response to Interrogatory No. 18.

Interrogatory No. 18 requests information regarding any Plaintiff's military service and discharge status.  See Exhibit to Motion to Compel, Antonio Sanchez' Answers to Defendants' First Set of Interrogatories at 20, filed May 21, 2009 (Doc. 20-30).  The Defendants' contend that Sanchez did not include the date of his discharge from the Army National Guard.  See Motion to Compel at 14.  Sanchez responds that he provided "his DD-214 which contains this information," and that his response was adequate and made in good faith.  Response at 13.  The Defendants have now deposed Sanchez.  The Court believes that the Defendants obtained the information that they were requesting in this interrogatory in Sanchez' deposition.  The Court will thus deny Defendants' motion to compel Sanchez to amend his response to Interrogatory No. 18 without prejudice to the Defendants renewing the motion if necessary.

### 12.   The Court Denies the Defendants' Request That the Court Compel Sanchez to Amend His Response to Interrogatory No. 19.

For reasons previously stated at the hearing on the record and in the Memorandum Opinion and Order, the Court will deny the Defendant's motion to compel Sanchez to amend his response to Interrogatory No. 19.

      **13.**    <u>**The Court Denies the Defendants' Request That the Court Compel Sanchez to Amend His Response to Interrogatory No. 20.**</u>

For reasons previously stated at the hearing on the record and in the Memorandum Opinion and Order, the Court will deny the Defendants' request that the Court compel Sanchez to amend his response to Interrogatory No. 20.

    **G.**    **TRUJILLO WILL NEED TO AMEND SEVERAL OF HIS ANSWERS TO THE INTERROGATORIES TO CORRECT THE DEFICIENCIES IN HIS ORIGINAL ANSWERS.**

The Court will order Trujillo to amend his answers to Interrogatory Nos. 6 and 9 . The Court will deny the Defendants' request that the Court compel Trujillo to amend his answers to Interrogatories Nos. 7, 11, 16, 17, 19, and 20.[26]

      **1.**    <u>**Trujillo Must Make Sufficient His Response to Interrogatory No. 6 by Submitting a Release of His Tax Records.**</u>

Interrogatory No. 6 requests information regarding Plaintiff's self-employment in the last fifteen years.  <u>See</u> Exhibit to Motion to Compel, Richard Trujillo's Answers to Defendants' First Set of Interrogatories at 23, filed May 21, 2009 (Doc. 20-31).  The Defendants contend that Trujillo did not provide the dates of his self-employment.  <u>See</u> Motion to Compel at 15.  Trujillo agreed that he should supplement his response, and noted that this information "is contained in [his] personnel record with CYFD and will be available from the tax records released to defendant."  Response at 5. The Court orders Trujillo to supplement his response to Interrogatory No. 6 by providing the Defendants with a complete, full, and accurate release of his tax records if he has not already done so.

_____

[26]  At the hearing on September 27, 2010, Mr. Dwyer stated that the disputes over Trujillo's responses to the interrogatories had been resolved, either through the hearing for the reasons stated on the record or through Trujillo's deposition.

      **2.**      <u>The Court Denies the Defendants' Request That the Court Compel Trujillo to Amend His Response to Interrogatory No. 7.</u>

For reasons previously stated at the hearing on the record and in this Memorandum Opinion and Order, the Court will deny the Defendants' request that the Court compel Trujillo to amend his response to Interrogatory No. 7 without prejudice to the Defendants moving to renew the motion if necessary.

      **3.**      <u>Trujillo Must Amend His Response to Interrogatory No. 9 to Cure the Deficiencies in His Original Response.</u>

For reasons previously stated at the hearing on the record and in this Memorandum Opinion and Order, the Court will require Trujillo to amend his answer to Interrogatory No. 9 to provide more factual details such as the instances, names of people, and their titles.

      **4.**      <u>The Court Denies the Defendants' Request That the Court Compel Trujillo to Amend His Response to Interrogatory No. 11.</u>

For reasons previously stated at the hearing on the record and in this Memorandum Opinion and Order, the Court will deny the Defendants' request that the Court compel Trujillo to amend his response to Interrogatory No. 11.

      **5.**      <u>The Court Denies the Defendants' Request That the Court Compel Trujillo to Amend His Response to Interrogatory No. 16.</u>

For reasons previously stated at the hearing on the record and in the Memorandum Opinion and Order, the Court will deny the Defendants' request that the Court order Trujillo to amend his response to Interrogatory 16.

      **6.**      <u>The Court Denies the Defendants' Request That the Court Compel Trujillo to Amend His Response to Interrogatory No. 17.</u>

For reasons previously stated at the hearing on the record in the Memorandum Opinion and Order, the Court will deny the Defendants' request that the Court compel Trujillo to amend his

response to Interrogatory No. 17.

**7.     The Court Denies the Defendants' Request That the Court Compel Trujillo to Amend His Response to Interrogatory No. 19.**

For reasons previously stated at the hearing on the record and in the Memorandum Opinion and Order, the Court will deny the Defendant's request that the Court compel Trujillo to amend his response to Interrogatory No. 19.

**8.     The Court Denies the Defendants' Request That the Court Compel Trujillo to Amend His Response to Interrogatory No. 20.**

For reasons previously stated at the hearing on the record and in the Memorandum Opinion and Order, the Court will deny the Defendants' request that the Court compel Trujillo to amend his response to Interrogatory No. 20.

**H.     VALENZUELA WILL NEED TO AMEND SEVERAL OF HIS ANSWERS TO THE INTERROGATORIES TO CORRECT THE DEFICIENCIES IN HIS ORIGINAL ANSWERS.**

The Court will order Valenzuela to amend his answer to Interrogatory No. 9.  The Court will deny the Defendants' request that the Court compel Valenzuela to amend his answers to Interrogatories Nos. 3, 5, 7, 11, 13, 15, 16, 17, 19, 20, and 21.[27]

**1.     The Court Denies the Defendants' Request That the Court Compel Valenzuela to Amend His Response to Interrogatory No. 3.**

For reasons previously stated at the hearing on the record and in this Memorandum Opinion and Order, the Court will deny the Defendants' request that the Court compel Valenzuela to amend his response to Interrogatory No. 3 without prejudice to the Defendants renewing the motion if necessary.

-----------------------

[27]    At the hearing on September 27, 2010, Mr. Dwyer stated that the disputes over Valenzuela's responses to the interrogatories had been resolved, either through the hearing for the reasons stated on the record or through Valenzuela's deposition.

**2.      The Court Denies the Defendants' Request That the Court Compel Valenzuela to Amend His Response to Interrogatory No. 5.**

Interrogatory No. 5 asks the Plaintiff to identify the name and address of each educational and vocational institution he has attended since high-school, and give information regarding the dates of his attendance and type of degree received, if any.   See Exhibit to Motion to Compel, Robert Valenzuela's Answers to Defendants' First Set of Interrogatories at 26, filed May 21, 2009 (Doc. 20-32)("Valenzuela's Answers to Defendants' First Set of Interrogatories").   The Defendants argue that Valenzuela did not provide the dates he attended each institution, or which degrees he obtained, if any.   See Motion to Compel at 16.   Valenzuela responds that he has offered to sign a release for his educational records and that his educational history is in the personnel file the CYFD maintains on him.   See Response at 4-5. The Defendants have now deposed Valenzuela.   The Court believes that the Defendants obtained the information that they were requesting in this interrogatory in Valenzuela's deposition to the best of Valenzuela's memory.   Good releases should produce more accurate information.   The Court will thus deny Defendants' motion to compel Valenzuela to amend his response to Interrogatory No. 5 without prejudice to the Defendants renewing the motion if necessary

**3.      The Court Denies the Defendants' Request That the Court Compel Valenzuela to Amend His Response to Interrogatory No. 7.**

For reasons previously stated at the hearing on the record and in this Memorandum Opinion and Order, the Court will deny the Defendants' request that the Court compel Valenzuela to amend his response to Interrogatory No. 7 without prejudice to the Defendants moving to renew the motion if necessary.

    **4.**    <u>**Valenzuela Must Amend His Response to Interrogatory No. 9 to Cure the Deficiencies in His Original Answer**</u>**.**

For reasons previously stated at the hearing on the record and in this Memorandum Opinion and Order, the Court will require Valenzuela to amend his answer to Interrogatory No. 9 to provide factual details such as the instances, names of people, and their titles.

    **5.**    <u>**The Court Denies the Defendants' Request That the Court Compel Valenzuela to Amend His Response to Interrogatory No. 11**</u>**.**

For reasons previously stated at the hearing on the record and in this Memorandum Opinion and Order, the Court will deny the Defendants' request that the Court compel Valenzuela to amend his response to Interrogatory No. 11.

    **6.**    <u>**The Court Denies the Defendants' Request That the Court Compel Valenzuela to Amend His Response to Interrogatory No. 13**</u>**.**

For the reasons previously stated at the hearing on the record and in this Memorandum Opinion and Order, the Court will deny the Defendants' request that the Court compel Valenzuela to amend his response to Interrogatory 13.

    **7.**    <u>**The Court Denies the Defendants' Request That the Court Compel Valenzuela to Amend His Response to Interrogatory No. 15**</u>**.**

For reasons previously stated at the hearing on the record and in this Memorandum Opinion and Order, the Court will deny the Defendants' request that the Court compel Valenzuela to amend his response to Interrogatory No. 15.

    **8.**    <u>**The Court Denies the Defendants' Request That the Court Compel Valenzuela to Amend His Response to Interrogatory No. 16**</u>**.**

For reasons previously stated at the hearing on the record and in the Memorandum Opinion and Order, the Court will deny the Defendants' request that the Court compel Valenzuela to amend his answers to Interrogatory 16.

### 9. The Court Denies the Defendants' Request That the Court Compel Valenzuela to Amend His Response to Interrogatory No. 17.

For reasons previously stated at the hearing on the record and in the Memorandum Opinion and Order, the Court will deny the Defendants' request that the Court compel Valenzuela to amend his response to Interrogatory No. 17.

### 10. The Court Denies the Defendants' Request That the Court Compel Valenzuela to Amend His Response to Interrogatory No. 19.

For reasons previously stated at the hearing on the record and in the Memorandum Opinion and Order, the Court will deny the Defendant's request that the Court compel Valenzuela to amend his response to Interrogatory No. 19.

### 11. The Court Denies the Defendants' Request That the Court Compel Valenzuela to Amend His Response to Interrogatory No. 20.

Interrogatory No. 20 requests information regarding the efforts that the Plaintiff made to obtain a general equivalency diploma.  See Valenzuela's Answers to Defendants' First Set of Interrogatories at 42.  The Defendants contend that Valenzuela did not provide any information on his preparation for the general equivalency diploma test.  See Motion to Compel at 16.  Valenzuela contends that his response was "factually accurate, made in good faith and fully responsive to defendants' interrogatory." Response at 13.  The Defendants have already deposed Valenzuela.  The Defendants  obtained this information in the deposition.  The Court will thus deny the Defendants' request to compel Valenzuela to amend his answer to Interrogatory No. 20 without prejudice to the Defendant renewing the motion if necessary.

### 12. The Court Denies the Defendants' Request That the Court Compel Valenzuela to Amend His Response to Interrogatory No. 21.

For the reasons previously stated at the hearing on the record and in this Memorandum Opinion and Order, the Court will deny the Defendants' request that the Court compel Valenzuela

to amend his response to Interrogatory No. 21.

**I.      MATEJKA DOES NOT NEED TO PROVIDE ANSWERS TO THE INTERROGATORIES, BUT THE DEFENDANTS MAY SERVE THIRD-PARTY DISCOVERY UPON MATEJKA.**

The Defendants state that Matejka did not provide any answers to interrogatories.  <u>See</u> Motion to Compel at 11.  Matejka previously sought the concurrence of the Defendants' counsel to her voluntary dismissal by proposed stipulated order served April 6, 2009.  <u>See</u> Response at 3.  The Plaintiffs contend that they will file an opposed motion, as Defendants have not concurred.  <u>See</u> Response at 3.  The Plaintiffs ask the Court to deny the Defendants' motion to compel discovery from Matejka while they are waiting for the Court to rule on their opposed motion to dismiss Matejka from the case.  <u>See</u> Response at 3.  At the hearing on September 27, 2010, Mr. Dwyer stated that he would not oppose a motion to dismiss Matejka from the case.  The Court thus instructed Mr. Pennington to file an unopposed motion to dismiss Matejka from the case, which the Court would then grant.  The Court will also deny Defendants' Motion to Compel Martejka to respond to the First Set of Interrogatories.  If the Defendants wish to obtain discovery from Martejka, they will have to serve her with third-party discovery, such as a subpoena commanding Matejka to provide documents or other items in her possession, custody, or control.  <u>See</u> Fed. R. Civ. P. 45(a).

**II.     THE COURT WILL DENY IN PART AND GRANT IN PART THE DEFENDANTS' MOTION TO COMPEL THE PRODUCTION OF DOCUMENTS.**

The Court will deny in part and grant in part the Defendants' request that the Court compel the Plaintiffs to produce a number of documents, because the Court finds that the Defendants have obtained much of the information that they were seeking through discovery.  In their Motion to Compel, the Defendants asked the Court to compel the Plaintiffs to produce a number of documents. <u>See</u> Motion to Compel at 18-22.  At the hearing on September 27, 2010, however, the Defendants

requested only that the Court compel production of certain financial documents and of a document from Abreu identifying his medical providers. Mr. Dwyer asked the Court to compel documents that pertained to the hardships that the Plaintiffs have allegedly suffered, such as foreclosure of their homes and repossession of their vehicles. Mr. Dwyer stated that several Plaintiffs identified these documents during the depositions. Mr. Dwyer also stated that he was still unsure where to mail the releases for Abreu's medical records. The Court thus orders Abreu to prepare a list, identifying, to the best of his memory, his medical providers. The Court orders the Plaintiffs who allege that they have suffered foreclosure of their homes and repossession of their vehicles as a result of the Defendants' actions, to produce the documents in their possession, custody or control relating to these proceedings. The Court also orders the Plaintiffs who have indicated that they have paid, or are paying, for medications or medical procedures out-of-pocket as a result of the Defendants' actions to produce the documents supporting these allegations that are in their possession, custody or control. The Plaintiffs are also to produce to the Defendants any insurance documents about their claimed losses. The Plaintiffs should obtain the documents if they have a legal right to do so or provide a full, complete, and accurate release to Defendants so that the Defendants can get the information. See In re Bankers Trust Co., 61 F.3d 465, 469 (6th Cir. 1995)(stating that courts will find documents to be within a party's control if the party has actual possession, custody, control, or the legal right to obtain the documents on demand).

**IT IS ORDERED** that the Defendants' Motion to Compel Discovery and Supporting Memorandum, filed May 21, 2009 (Doc. 20), is granted in part and denied in part as detailed in the Memorandum Opinion and Order. Unless the Court has expressly ordered here an amended answer or response, the Defendants' requests are otherwise denied.

_____
UNITED STATES DISTRICT JUDGE

*Counsel*:

E. Justin Pennington
Law Offices of E. Justin Pennington
Albuquerque, New Mexico

    *Attorney for the Plaintiff*


Mark A. Basham
Peter Dwyer
Basham and Basham, P.C.
Santa Fe, New Mexico

    *Attorneys for the Defendant*